## UNITED STATES v. PECKHAM.

(District Court, N. D. New York. January 16, 1906.)

1. HABEAS CORPUS—REMOVAL OF FEDERAL PRISONER TO ANOTHER DISTRICT FOR TRIAL—REVIEW OF COMMISSIONER'S DECISION.

A person arrested in one federal district for removal to another for trial on a criminal charge who, after a partial examination before a commissioner waived further examination and on a finding by the commissioner that the offense charged was committed and that there was probable ground for believing defendant guilty thereof gave bail for his appearance before the court in the other district, cannot obtain a review of the commissioner's decision by a writ of habeas corpus on his subsequent surrender by his bail, since if such surrender was valid and legal he is lawfully in custody and that is the only question which can be inquired into on such writ.

2. SAME—APPLICATION FOR ORDER OF REMOVAL.

On application for an order for removal of a defendant from one federal district to another for trial on a criminal charge if the decision of the commissioner holding him for removal is valid and regular on its face it is binding on the judge, as such, to whom the application for the order of removal is made, and its correctness cannot be reviewed by the judge.

3. SAME—REVIEW—HOW OBTAINED.

Such decision of the commissioner may be reviewed by either the District or Circuit Court on habeas corpus and writ of certiorari, bringing before the court the whole proceeding, at any time before the defendant gives bail for his appearance in the district to which removal is sought.

This is an application by the United States Attorney for the Northern District of New York, under section 1014 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 716] for an order removing the defendant Peckham from said district to the District of Columbia for trial on an indictment against the defendant found in said District for an alleged offense against the United States, and also a proceeding on the return of a writ of habeas corpus to inquire into the legality of the detention and imprisonment of said defendant by the marshal of the Northern district of New York.

George B. Curtiss, U. S. Atty.

Nash Rockwood (Mr. Davis, of counsel), for defendant.

RAY, District Judge. The defendant, with another person, was indicted in the District of Columbia for an offense alleged to have been committed by him and such other person in that District. The indictment was found at the April term of the court, which term continued

143 F.—40

until the indictment was presented some considerable time later. The defendants were not in the District of Columbia at the time the indictment was found or at the time the warrant for their arrest was issued out of the Supreme Court in said District, but were in the state of New York where they reside. Bench warrants for their arrest were issued out of the Supreme Court of the District of Columbia, and with a duly authenticated copy of the indictment, were sent to the proper officers of the Northern district of New York for the purpose of having due proceedings under the law taken to apprehend the defendants and remove them to the District of Columbia for trial. The defendant Peckham was found at Saratoga Springs in the Northern district of New York, and a complaint in due form was made before the United States commissioner at said place, and upon such complaint a warrant for the apprehension of said Peckham was requested. Peckham was arrested by the U. S. marshal for the Northern district of New York on the warrant issued by the commissioner and a time and place fixed for the examination. On such examination the government of the United States was represented by George B. Curtiss, United States Attorney for said district, and the defendant was represented by Hon. Nash Rockwood who appeared as his attorney and counsel. The defendant objected to the jurisdiction on the ground the complaint did not show the commission of an offense but the objection was overruled. The defendant Peckham then pleaded not guilty to the charge made and demanded an examination. His right to an examination was conceded and such examination was proceeded with. The defendant admitted his identity; that is, that he was the person named in the complaint and in the indictment which accompanied the complaint and formed a part thereof. A duly authenticated copy of the indictment was put in evidence to prove the commission of an offense in the District of Columbia and that the defendant was guilty of the commission of such offense or that there was probable cause to believe him guilty.

The matter having proceeded thus far, the defendant waived further examination, whereupon the commissioner held and decided on the concession of identity and on the indictment as evidence, that the crime charged therein had been committed, and that the acts stated therein to have been done by the defendant constituted a crime against the United States, and that there was reasonable cause and ground to believe that the defendant was guilty of the commission of such crime within the District of Columbia at the time charged in the indictment. The commissioner fixed bail. Thereupon the defendant then and there before the commissioner elected to give bail to appear and answer said charge before the Supreme Court of the District of Columbia in said District and he entered into the usual bond required by the statute in such cases. He also expressly reserved the right to demur to or question in any way the sufficiency of the indictment in the courts of the District of Columbia. Having entered into this bond as required by law and by the commissioner, the defendant Peckham was discharged from custody. Some time elapsed, and just before the convening of the court in the District of Columbia, where the defendant was to appear and had given bond to appear for trial, his bondsmen surrendered him under the provisions of

section 1018 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 719]. The provisions of the statute were complied with and thereupon the commissioner made and signed a new commitment reciting the facts, reciting the giving and acceptance of the bond, the discharge of the defendant, the surrender of the defendant by his bail, and the acceptance of such surrender, and by such commitment the defendant Peckham was committed to the custody of the United States marshal of the Northern district of New York and the marshal was directed to take him into custody. Pursuant thereto the marshal did take the defendant into custody, and, not having given bond to appear for trial in the District of Columbia, he is now held by the marshal under and pursuant to the terms of and by authority of such commitment made on the surrender of the defendant by his bail. On these facts and with the matter in this condition this writ of habeas corpus was sworn out. The petition for the writ sets forth all the proceedings. The office of the writ is to inquire into the legality of the detention and holding of the defendant.

While this proceeding in the Northern district of New York was in this condition, or at some time during the pendency of the proceedings, the government of the United States obtained in the District of Columbia another indictment against the same defendants for substantially the same offense. The subsequent indictment is fuller and more complete and perfect perhaps in its statements. A warrant for the arrest of the defendants was issued out of the Supreme Court of the District of Columbia on the new indictment, and they at the time being in the Southern district of New York were there arrested on a complaint duly made and warrant issued by a commissioner of the United States. They were taken before such commissioner and an examination had and on such examination the new indictment being in evidence, they were discharged. The commissioner held that the facts stated in the new indictment, conceding them to be true, did not show that any offense against the United States had been committed and that, therefore, they should not be held and could not be held or removed for trial to the District of Columbia. The office of a writ of habeas corpus in such a case as this is to inquire into and determine the legality of the holding of a defendant by the officer in whose custody he is. The commissioner in the Northern district of New York, with the indictment before him, identity being conceded, held and determined and entered judgment accordingly (1) that a crime against the United States had been committed in the District of Columbia at the time stated in the indictment, and (2) that the defendant Peckham was one of the persons alleged in the indictment to have committed that crime, and (3) that there was probable cause to believe and grounds for believing that he was guilty of the offense charged in the indictment.

The only evidence as to the commission of the crime charged in the indictment, if it charged a crime, was the indictment itself, and the only evidence of probable cause was the allegations of the indictment. The defendant had it within his power to question the validity and legality of this holding by the commissioner. It was within his power by writ of habeas corpus and writ of certiorari to bring the whole record before

either the Circuit or District Court for review. Had he done so and had the court issuing the writ held that there was no evidence of the commission of a crime or that there was no evidence that the defendant was probably guilty of the commission of a crime as charged in the indictment, or that the indictment did not charge a crime, it would have so determined and would have ordered the discharge of the defendant. It was within the power of either of these courts to in effect nullify the decision and holding of the commissioner. This course was not pursued, and the finding and determination of the commissioner stands. The defendant elected to give bail for his appearance for trial in the District of Columbia and did give such bond, and clearly while under bond he could not have reviewed the holding and determination of the commissioner on habeas corpus aided by a writ of certiorari bringing up the record. True, in a sense, he was in the custody of his bail. They had the right to arrest and surrender him at any time pursuant to the provisions of section 1018 of the Revised Statutes. Taylor v. Taintor, 83 U. S. (16 Wall.) 366, 371, 21 L. Ed. 287, but before surrender and while enlarged on bail the writ of habeas corpus would not have issued to inquire into the legality of his detention, etc. Hurd on Habeas Corpus (2d Ed.) 201; Dodge's Case, 6 Mart. (O. S.) 569; 1 Bouv. L. D. 574; Republica v. Arnold, 3 Yeates, 263; Commonwealth v. Eyre, 1 Serg. & R. 356; 15 Am. & Eng. Enc. of Law, 159.

The proceeding by the bail of the defendant surrendering him was and is an independent proceeding specially provided for by section 1018, Rev. St. U. S., and by virtue of that proceeding and its validity, the defendant is now in custody and held by the marshal. Having waived further examination and having elected to give bail and having given bail to appear for trial in the District of Columbia it was too late then to question the validity of the decision made by the commissioner in the Northern district of New York that a crime had been committed, that the defendant was the person charged with the commission of the offense, and that there was reasonable cause and ground to believe him guilty. The defendant is now held under and by virtue of the proceedings had on the surrender of the defendant by his bail, and if that proceeding was regular and his surrender legal and legally made then he is legally in the custody of and is legally held by the marshal of the Northern district of New York. That proceeding is held to have been regular, and the defendant is therefore lawfully held by the marshal and lawfully deprived of his liberty. Further than that the court cannot go for it finds the cause of his detention and imprisonment to be legal. It was within the power of the defendant to waive an examination entirely and to give bail for his appearance in the District of Columbia there to stand trial on the charge of crime alleged in the indictment. Had he done so and had he subsequently been surrendered by his bail it is clear that he could not then have demanded an examination. It would have been too late to make such a demand, and the commissioner, in case such a demand had then been made, would have been under no obligation to grant it.

The statute for removal of a defendant indicted in one district of the United States and found in another to the district where indicted for

trial makes it the duty of the district judge of the district where appre-
hended seasonably to grant an order of removal whenever the commis-
sioner has held and decided that an offense was committed as charged
in the indictment and that there is reasonable ground to believe the de-
fendant guilty of the commission of such offense. The district judge,
as such, on the application for a warrant of removal, when confronted
by such a decision and holding of the commissioner, has no power or
right to inquire into the validity of the holding of the commissioner ex-
cept so far as to look at the face of the commitment itself and determine
whether it recites a legal proceeding and determination. If the decision
or determination of the commissioner made on the hearing remains, is
prima facie valid, and has not been set aside or overthrown by the deci-
sion of a higher tribunal, the judge must regard it as final and conclusive
on the application for a warrant of removal. In short, when applied to
for a warrant of removal the judge, as such, has no power to review,
annul or disregard the determination of the commissioner. The Dis-
trict Court or the Circuit Court may, on habeas corpus, review those
proceedings, and if either of those courts in the proper proceeding de-
termines that no crime has been committed or that there was no evi-
dence of probable cause against the defendant, then it would be its duty
to so find and hold and order the discharge of the defendant. Here the
right to such a review of that holding was waived or abandoned when
the defendant elected to give bail for his appearance and trial in the
District of Columbia. I am aware that it has been held that on the ap-
plication for the order or warrant of removal, the judge, no writ of
habeas corpus having issued, may inquire into the validity of the whole
proceeding before the commissioner. With such holdings this court
does not agree.

It is now contended that the government has abandoned the first in-
dictment under which Peckham was arrested and held to bail in the
Northern district of NewYork. I find no evidence that it has been aban-
doned. It has not been dismissed. The government is pressing the
proceeding and insisting that the defendant be sent to the District of
Columbia for trial under the indictment. It is true that another indict-
ment was found for the same offense apparently. It is true that in the
Southern district of New York a commissioner of the United States
held that that indictment did not state facts which, if conceded to be
true, show the commission of an offense in the District of Columbia by
the defendant, and, therefore, he discharged the defendant. That ac-
tion by the commissioner in the Southern district of New York would
not be binding upon either the Circuit or District Court in the Northern
district of New York were the record before either of those courts on a
review of the legality of the decision of the commissioner in the North-
ern district of New York. But that decision of the commissioner in the
Northern district is not under review and this court has no jurisdiction
at this stage to review that decision. This court can inquire now into
the legality of the detention of the defendant only. The defendant is
detained and deprived of his liberty by reason of a commitment issued
by a United States commissioner in the proceeding had and taken on his
surrender by his bail. That proceeding is regular and he is legally held.

But the defendant contends that when he was surrendered by his bail, his being under bail being but a continuance of his original imprisonment, he was relegated to the same position and rights he held and had, at the time he was held to bail by the commissioner and before he entered into the bond required. That he then had the right to refuse to give bail and to bring up the whole question of the validity of the holding of the commissioner by writ of habeas corpus before or at the time the order of removal was applied for and that, being now in custody, he has the same right. That he could not and has not waived that right. If this contention be true then defendants in these proceedings may indefinitely postpone and delay removal to the district where the indictment is found. The defendant when arrested and brought before the commissioner will waive examination. If held to bail he will give it and when the court at which he is to appear and answer is about to convene he will procure his bail to surrender him and then demand an examination and sue out a writ of certiorari and a writ of habeas corpus and compel the court to inquire into the legality of the proceedings, including the validity of the indictment and the jurisdiction of the commissioner. If judgment goes against him and the writ is dismissed and a warrant of removal is granted he may appeal, and if the order dismissing the writ is affirmed he is entitled to then give bail for his appearance in the court where the indictment was found. When that court is about to convene he may procure another surrender by his bail and sue out another writ. Quite likely this writ will be dismissed but in the meantime witnesses may die or go beyond the jurisdiction of the court and the administration of justice be greatly delayed if its ends are not wholly defeated.

It seems to this court plain that when the defendant has waived examination and given bail or given bond after examination, he has waived his right to the writ for the purposes mentioned, the right to have the courts of the district where arrested inquire into the validity of the holding of the commissioner, and that it is the duty of the district judge to grant the order of removal in case the defendant is surrendered by his bail, or fails to appear for trial in the jurisdiction where the indictment was found and is then arrested on a new warrant. Or is it the law that the defendant may elect to give bail and having given it, fail to appear and then when arrested have and exercise the same rights he would have had in case the election to give bail had not been exercised?

In Commonwealth v. Nelson G. Green, 185 Pa. 641, 40 Atl. 96, it was held:

"One who enters into a recognizance to appear at the quarter sessions when required, and then, without application to such court to correct any error in the proceedings before the judge sitting as committing magistrate, either in holding him for appearance in court or in demanding excessive bail, voluntarily surrenders himself to the sheriff, is not entitled to a habeas corpus from the Supreme Court."

The defendant Peckham is legally held and deprived of his liberty by the marshal of the Northern district of New York. This court cannot, at this stage, inquire into the question whether the indictment charges a crime against the United States.

The writ is dismissed, the defendant remanded and the warrant for the removal of the defendant to the District of Columbia for trial under the indictment granted.