## *Ex parte* SIMON.

### PETITION FOR WRITS OF HABEAS CORPUS AND CERTIORARI.

No. 13, Original. Argued January 6, 7, 1908.—Decided January 20, 1908.

The usual rule is that a prisoner cannot anticipate the regular course of proceedings having for their end to determine whether he shall be held or released by alleging want of jurisdiction and petitioning for a *habeas corpus;* and the same rule is applicable in the case of one committed for contempt until a small fine shall be paid for disobeying an injunction order of the Circuit Court, and who petitions for a *habeas* on the ground that the order disobeyed was void because issued in a suit which was *coram non judice.*

Notwithstanding the prohibitive provisions of § 720, Rev. Stat., the Circuit Court of the United States may have jurisdiction of a suit brought by a citizen of one State against citizens of another State to enjoin the execution of a judgment fraudulently entered against him in a state court which had no jurisdiction by reason of non-service of the summons, and this court will not determine the merits of such a case on *habeas corpus* proceedings brought by one of the defendants committed for contempt for disobeying a preliminary injunction order issued by the Circuit Court.

THE facts are stated in the opinion.

*Mr. Henry L. Lazarus* and *Mr. Louis Marshall* for petitioner:

The petitioner being restrained of his liberty by a United States marshal, under a judgment of the United States Circuit Court, which is claimed to be void, *habeas corpus* is the proper remedy to test the validity of the imprisonment.

The remedy of *habeas corpus* has been allowed in many instances of this nature. See *Ex parte Fisk,* 113 U. S. 713; *Ex parte Kearney,* 7 Wheat. 38; *Ex parte Wells,* 18 How. 307; *Ex parte Lange,* 18 Wall. 163; *Ex parte Parks,* 93 U. S. 18; *Ex parte Siebold,* 100 U. S. 371; *Ex parte Rowland,* 104 U. S. 604; *Ex parte Bain,* 121 U. S. 1; *In re Ayers,* 123 U. S. 443.

The preliminary injunction issued out of the United States Circuit Court, which restrained the proceedings of the petitioner in the Civil District Court of Louisiana, being in contravention of § 720, Rev. Stat., was a nullity, and its disregard by the petitioner does not constitute contempt. *Wayman* v. *Southard*, 10 Wheat. 1; *Leathe* v. *Thomas*, 97 Fed. Rep. 126; *Fenwick Hall Co.* v. *Old Saybrook*, 66 Fed. Rep. 389; *Haines* v. *Carpenter*, 91 U. S. 254; *Dial* v. *Reynolds*, 96 U. S. 340; *Sargent* v. *Helton*, 115 U. S., 348; *Moran* v. *Sturges*, 154 U. S. 267; *In re Chetwood*, 165 U. S. 443.

The allegations of fraud in this case are not supported by a single statement of fact and do not operate to repeal § 720 of the Revised Statutes of the United States.

The allegations are mere conclusions, a collection of epithets, and a series of *non sequiturs*. *Kent* v. *Lake Superior Ship Canal Co.*, 144 U. S. 75, 91.

A bill in chancery to set aside a judgment or decree of a court of competent jurisdiction on the ground of fraud, must state distinctly the particulars of the fraud, the names of the parties who were engaged in it, and the manner in which the court or the party was misled or imposed upon. *United States* v. *Atherton*, 102 U. S. 372; 9 Ency. Pl. & Pr. 684; *Brooks* v. *O'Hara*, 8 Fed. Rep. 532. See also *Knox County* v. *Harshman*, 133 U. S. 154; *White* v. *Crow*, 110 U. S. 184; 1 Black on Judgments, § 393; *Travelers' Association* v. *Gilbert*, 111 Fed. Rep. 269; 16 Am. & Eng. Ency. of Law (2d ed.), 374.

The *gravamen* of the bill here is that because the petitioner was willing to compromise at five thousand dollars, therefore the presentation of a larger amount through the regular legal channels constituted fraud.

Neither this fact, nor the suggestion that the petitioner's testimony was fraudulent or fictitious, is a sufficient ground for an independent suit in equity to set aside the judgment of the state court. *United States* v. *Throckmorton*, 98 U. S. 65, 69; *Steele* v. *Smelting Co.*, 106 U. S. 454; *Kimberly* v. *Arms*, 40 Fed. Rep. 558; *Kiko* v. *Cohn*, 91 California, 134; *Andes* v.

*Millard,* 70 Fed. Rep. 517; *Mayor of New York* v. *Brady,* 115 N. Y. 615.

*Mr. Harry H. Hall* for respondent:

The Circuit Court of the United States for the Eastern District of Louisiana had jurisdiction to entertain and decide the suit in equity between the Southern Railway Company and Ephraim Simon and therefore, under the authorities, the writ of *habeas corpus* must be denied. *Ex parte Yarbrough,* 110 U. S. 651; *In re Frederick,* 149 U. S. 76; *Ex parte Terry,* 128 U. S. 302.

The judgment of the state court was an absolute nullity for want of citation. *Peterson* v. *Chicago Ry.,* 205 U. S. 390; *Green* v. *Chicago St. Ry.,* 205 U. S. 530; *St. Clair* v. *Cox,* 106 U. S. 350; *Pennoyer* v. *Neff,* 95 U. S. 727; *Scott* v. *McNeal,* 154 U. S. 34.

The United States Circuit Court has jurisdiction in a suit between the parties in interest, citizens of different States, claiming that the judgment obtained by one against the other is voidable for fraud practiced in obtaining it. *Johnson* v. *Waters,* 111 U. S. 667; *Cole* v. *Cunningham,* 133 U. S. 112; *Marshall* v. *Holmes,* 141 U. S. 596; *Terre Haute & I. R. Co.* v. *Peoria & P. U. R. Co.,* 82 Fed. Rep. 945; *National Surety Co.* v. *State Bank &c.,* 120 Fed. Rep. 593.

MR. JUSTICE HOLMES delivered the opinion of the court.

The petitioner is in custody for contempt, he having violated a preliminary injunction issued by the Circuit Court of the United States. He brings this petition on the ground that the Circuit Court had no jurisdiction, and that therefore its decree might be disobeyed.

The jurisdiction of the Circuit Court over the cause depends on the allegations of the bill upon which the injunction was granted. That bill was brought by the Southern Railway Company against the petitioner. It alleges that Simon brought

a suit against the railway in Louisiana surreptitiously and without its knowledge, and that, on the suggestion that the railway was a foreign corporation doing business in the State without having named an agent to receive service, he served the citation upon the Assistant Secretary of State, whereas the railway was not a corporation doing business in the State, and the service was void. The suit proceeded to judgment for a fraudulently exaggerated sum, while the railway had no knowledge of the proceedings until after the judgment was rendered. As soon as it heard of it it began this suit; in effect to prevent the enforcement of the judgment, because unconscionable and fraudulently obtained upon a cause of action to which it has a good defense if allowed to present the same.

The bill further alleges that Simon will attempt to collect the fraudulent judgment by *fieri facias*, and prays as specific relief an injunction against his further proceeding under the same, but the general scope and purpose of the bill is what we have stated. A preliminary injunction was issued, after a hearing on affidavits, on June 30, 1905, and Simon appears to have obeyed the order for over two years. A demurrer to the bill was overruled in December, 1906, and a plea to the jurisdiction, filed in February, 1907, was overruled in the following May. Simon answered in August and issue was joined in the same month. The contempt seems to have occurred in November. It consisted in obtaining a writ of *fieri facias* and directing a levy and the service of garnishment process to collect the judgment. It was admitted at the argument that this method was adopted in order to obtain a summary disposition of the cause by this court instead of awaiting the result of a trial in the regular way. The punishment was a small fine, and the imprisonment was ordered only until the fine was paid.

The facts stated seem to us enough to dispose of this case. The usual rule is that a prisoner cannot anticipate the regular course of proceedings having for their end to determine whether he shall be held or released, by alleging want of jurisdiction and petitioning for a *habeas corpus*. *United States* v. *Sing Tuck*,

194 U. S. 161, 168; *Riggins* v. *United States*, 199 U. S. 547; *Whitney* v. *Dick*, 202 U. S. 132, 140; *In re Lincoln*, 202 U. S. 178. In the present instance the release of the petitioner is not the primary issue of the case, to be sure, but it is so closely wrapped up with that issue that when it is apparent that the imprisonment is only nominal and has been incurred after two years' acquiescence, merely in order to secure a speedier hearing in this court, the analogy of the decisions is very close. The petitioner is in no position to demand this summary relief.

This is not a suit *coram non judice* and wholly void by reason of Rev. Stat. § 720, forbidding United States courts to stay by injunction proceedings in any state court. The Circuit Court had jurisdiction of the cause. That must be assumed at this stage; and finally unless we overrule the strong intimations in *Marshall* v. *Holmes*, 141 U. S. 589, and the earlier cases cited in that case. Even if the decision could have been put on a narrower ground, the ground adopted was that the Circuit Court had original jurisdiction of such a suit. It would be going far to say that, although the Circuit Court had power to grant relief by final decree, it had not power to preserve the rights of the parties until the final decree should be reached, or that an injunction continued in force under the authority of the United States, but originally issued by a state court, stood on stronger grounds than one granted by the United States court in the first place. Even if the order was erroneous, it would be going far to say that it was made without jurisdiction and might be disregarded, although the court had jurisdiction of the cause. See *United States* v. *Shipp*, 203 U. S. 563, 573. But without laying down a broader proposition than is required, we are of opinion that in the particular circumstances of this case *habeas corpus* is an extraordinary remedy, for which there has been shown no sufficient ground.

It is argued that the bill does not disclose facts that warrant going behind the judgment, but contains only vague allegations of fraud. But it alleges facts that show a total want of jurisdiction in the state court, and implies at least that the

fictitious service was made with deliberate fraud. Its general nature and purpose are clear. Enough is alleged to amend by, if amendment is necessary, and to give jurisdiction to the Circuit Court. As we cannot pronounce the whole proceeding void, we have nothing to do with the sufficiency of the pleading or the question whether the bill would be good or bad on demurrer. There was at least color of right for the preliminary order and it will be time enough to discuss the merits if the case comes here again after final decree.

*Rule discharged.*

*Petition for habeas corpus denied.*