## SIMON v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit.    March 5, 1912.    Rehearing Denied
April 9, 1912.)

### No. 2,168.

1. COURTS (§ 508*)—JURISDICTION—RESTRAINING ENFORCEMENT OF JUDGMENT
RENDERED BY STATE COURT.

The Circuit Court of the United States has jurisdiction of a suit by
a citizen of one state against a citizen of another to enjoin the enforce-
ment of a judgment against him, entered in a state court having no ju-
risdiction, for want of proper service of process.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec.
Dig. § 508.*

Enjoining proceedings in state courts, see notes to Garner v. Second
Nat. Bank of Providence, 16 C. C. A. 90; Central Trust Co. of New York
v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

2. COURTS (§ 96*)—CONTROLLING DECISIONS.

A decision of the federal Supreme Court that the Circuit Court of the
United States has jurisdiction of a suit is binding on the United States
Circuit Court of Appeals on appeal from a decree of the Circuit Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 328;
Dec. Dig. § 96.*]

3. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF
PROCESS—STATUTORY COMPLIANCE.

A service on the Assistant Secretary of State of Louisiana of process,
in an action against a foreign corporation which had not named an agent
on whom process might be served, is not the equivalent of service on the
Secretary of State within Act No. 54 of 1904 of Louisiana, providing that,
where a foreign corporation has not filed in the office of the Secretary of
State a written declaration setting forth the name of its agent in the
state on whom process may be served, process may be served on the
Secretary of State, and a default judgment against the foreign corpora-
tion on such service and without any appearance by the corporation is
void for want of jurisdiction of the person.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603, 2606–
2627; Dec. Dig. § 668.*

Service of process on foreign corporations, see notes to Eldred v.
American Palace-Car Co. of New Jersey, 45 C. C. A. 3; Cella Commission
Co. v. Bohlinger, 78 C. C. A. 473.]

4. JUDGMENT (§ 17*)—JURISDICTION OF PERSON—SERVICE OF PROCESS—AP-
PEARANCE.

Where there is neither valid service of process nor voluntary appear-
ance of defendant, a judgment by default is void for want of jurisdic-
tion of the person.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec.
Dig. § 17.*]

Appeal from the Circuit Court of the United States for the Eastern
District of Louisiana.

Suit by the Southern Railway Company against Ephraim Simon to
restrain the execution of a judgment recovered by Simon against the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

railway company in a state court. From a decree of the Circuit Court (184 Fed. 959) for complainant, defendant appeals. Affirmed.

See, also, 208 U. S. 144, 28 Sup. Ct. 238, 52 L. Ed. 429.

The Southern Railway Company, a corporation organized under the laws of the state of Virginia, filed its bill to restrain Ephraim Simon, a citizen of the state of Louisiana, from enforcing a judgment rendered by the civil district court for the parish of Orleans, La., against it and in favor of Simon for damages claimed to have been suffered by him as the result of an accident, occurring in the state of Alabama, while he was a passenger on one of the trains of the railway company. A temporary injunction issued, and during its pendency Simon was arrested in a contempt proceeding wherein he was charged with violating the orders of the court. This proceeding found its way to the Supreme Court and is reported under the style of Ex parte Simon, in 208 U. S. 144, 28 Sup. Ct. 238, 52 L. Ed. 429, to which reference is made for a further statement. Upon the final hearing the temporary injunction was perpetuated, and from the decree Simon appeals to this court.

Henry L. Lazarus, Eldon S. Lazarus, Herman Michel, and David Sessler, for appellant.

J. Blanc Monroe and Monte M. Lemann, for appellee.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). Upon consideration of the issues involved in the present suit, the following conclusions are announced:

[1, 2] 1. That the Circuit Court had jurisdiction of the suit has been authoritatively decided in Ex parte Simon, 208 U. S. 144, 28 Sup. Ct. 238, 52 L. Ed. 429. See, also, Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, and authorities therein cited. That decision is binding upon this court until reversed or modified by the Supreme Court.

2. At the time the petition was filed in the state court by the appellant to recover damages of the appellee, to wit, December 1, 1904, the latter was doing business in the parish of Orleans, state of Louisiana.

[3] 3. As to the service of process and validity of the judgment rendered by the state court against the appellee:

A copy of the citation was served on the Assistant Secretary of State, who simply deposited it among the files of his office. The appellee had no notice of the suit. Judgment by default was taken and damages were assessed by the jury. Was the service sufficient? The pertinent act of the Legislature of Louisiana reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana: That it shall be the duty of every foreign corporation doing any business in this state to file in the office of the Secretary of State a written declaration setting forth and containing the place of locality of its domicile, the place or places in the state where it is doing business, and the name of its agent or agents or other officer in this state upon whom process may be served.

"Sec. 2. Be it further enacted, etc., that whenever any such corporation shall do any business of any nature whatever in this state without having complied with the requirements of section 1 (one) of this act, it may be sued

for any legal cause of action in any parish of the state where it may do business, and service of process in such suit may be made upon the Secretary of State the same and with the same validity as if such corporation had been personally served." Session Acts 1904, pp. 133, 134.

Prior to filing the suit in the state court, the appellee had not named an agent upon whom process might be served, and, as before stated, service was had upon the Assistant Secretary of State.

We are of the opinion that service upon the Assistant was not the equivalent of service upon the Secretary of State. It is a fundamental principle of our jurisprudence that a person, whether artificial or natural, must have the opportunity of a hearing before being condemned.

"It is," said the Supreme Court, "a rule as old as the law, and never more to be respected than now, that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity wants all the attributes of a judicial determination. It is judicial usurpation and oppression and never can be upheld where justice is justly administered." Galpin v. Page, 18 Wall. 368, 369, 21 L. Ed. 959.

See, also, Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896.

The method of service, indicated by the statute, was not pursued in this case, and, employing the language of the Supreme Court:

"The cases are numerous which decide that where a particular method of serving process is pointed out by statute, that method must be followed, and the rule is especially exacting in reference to corporations." Amy v. Watertown, 130 U. S. 316, 317, 9 Sup. Ct. 530, 32 L. Ed. 946, citing numerous authorities.

And in the same case, at pages 317 and 318 of 130 U. S., at page 536 of 9 Sup. Ct. (32 L. Ed. 946), the court quotes approvingly the following language of the Supreme Court of Wisconsin used by the latter in City of Watertown v. Robinson, 69 Wis. 233, 236, 237, 34 N. W. 142:

"When the statute prescribes a particular mode of service, that mode must be followed. Ita lex scripta est. There is no chance to speculate whether some other mode will not answer as well. This has been too often held by this court to require further citations. * * * When the statute designates a particular officer to whom the process may be delivered, and with whom it may be left, as service upon the corporation, no other officer or person can be substituted in his place. The designation of one particular officer upon whom service may be had excludes all others. The temporary inconvenience arising from a vacancy in the office of mayor affords no good reason for a substitution of some other officer in his place, upon whom service could be made, by unwarrantable construction not contemplated by the statute."

[4] The service of the citation upon the Assistant Secretary of State was not a compliance with the requirements of Act 54 of the Legislature of Louisiana, and such service was therefore unavailing to bring the appellee into court. Since then there was neither valid service of process nor voluntary appearance on the part of the appellee, the judgment by default was void for the want of jurisdiction of the person.

The conclusion reached by the court renders it unnecessary to call in question the constitutionality of Act 54 quoted above. But see Gouner v. Missouri Valley Bridge & Iron Co., 123 La. 964, 49 South. 657.

The decree of the trial court perpetuating the injunction is right, and it is therefore affirmed.