## UNITED STATES ex rel. MILLER et al. v. REING, United States Marshal.

### Misc. No. 1272.

United States District Court
E. D. Pennsylvania.

Aug. 30, 1948.

Bernard L. Lemisch and Irving R. Shull, both of Philadelphia, Pa., for petitioners.

Drew J. T. O'Keefe, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for respondent.

GANEY, District Judge.

This case arises upon a hearing for a writ of habeas corpus. The petitioners were arrested in Philadelphia on the authority of warrants of arrest charging them with having committed grand larceny and robbery in the District of Columbia in violation of sections 2201 and 2901 of Title 22 of the District of Columbia Code. At a hearing held on June 15, 1948, before the United States Commissioner, certified copies of the bills of indictment charging

them with the offenses were offered in evidence by the attorney for the United States. After it was shown that they were the persons named therein, the commissioner ordered them held for their appearance before the District Court for the District of Columbia pending the issuance of a warrant of removal by this court, and set bail at Fifteen Hundred Dollars ($1500.00) for each petitioner. Upon their failure to furnish bail, they were committed to the custody of the United States Marshal, the respondent herein. On the same day they filed their petition for a writ of habeas corpus, raising the question of the jurisdiction of both the commissioner to detain them pending the hearing for the warrant of removal and this court to issue such warrant. The asserted lack of jurisdiction is based on their contention that a violation of the laws of the District of Columbia is not a violation of the laws of the United States within the meaning of section 1014 of the Revised Statutes, as amended, 18 U.S.C.A. § 591 [now § 3041], known as the removal statute. This court allowed the writ to issue and fixed bail at Five Hundred Dollars ($500.00) for each petitioner.

Habeas corpus is an extraordinary remedy and it should be pursued only in appropriate cases, when other remedies have been exhausted or are ineffective or nonexistent, to test the jurisdiction[1] of the tribunal whose ruling has restricted the liberty of the petitioner or to determine whether one's fundamental constitutional rights have been violated. Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, 871, 872, certiorari denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. Because of the vital importance which courts attach to the questions raised in a proceeding for the writ and the immediate attention which they give to it over other proceedings, it should not be resorted to merely for the sake of obtaining a summary disposition of a cause when adequate relief may be had by awaiting the outcome of proceedings which will take place in regular course. Ex parte Simon, 1908, 208 U.S. 144, 28 S.Ct. 238, 52 L.Ed. 429; Goto v. Lane, 1924, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070. To hold otherwise would dilute its effectiveness. Evidently for this reason it has been held that an application to the district courts for the writ before a warrant of removal has been granted is premature. See Ingraffia v. Keville, 1 Cir., 1932, 62 F.2d 301. But compare United States v. Peckham, D.C.N.D.N.Y.1906, 143 F. 625.

But this is not to say that under all circumstances in such cases applications for the writ will be denied by the district courts. Thus it may be granted where the commissioner has refused to allow bail,[2] or what amounts to the same thing, has demanded an excessive amount,[3] or the prosecution, by its failing to seasonably apply to the district court for a warrant of removal, is unjustly prolonging the confinement of the accused after he has refused to give bail. In addition even when a petition for the writ is prematurely brought and it is resisted by the prosecution, the court may treat it as an application for a warrant of removal, if both sides agree or intend that this be done. United States ex rel. Ripstein v. Powers, 2 Cir., 1922, 279 F. 735; United States ex rel. Greenberg v. Pulver, D.C.E.D.N.Y. 1932, 1 F.Supp. 909, affirmed in 2 Cir., 61 F.2d 1044; Barrow v. Owen, 5 Cir., 1937, 89 F.2d 476; 9 Cyc. of Fed.Proced. (2d Ed.) Sec. 3945.

However those factors which would impel us to grant the writ are not present here and the parties have not intimated that the petition be treated as an application for a warrant of removal. The very issues sought to be raised by their petition may be submitted for the consideration of this court in the proceeding for a warrant of removal. Under the circumstances no injustice or fundamental unfairness will be caused by requiring the petitioners to await the hearing for the warrant of removal. See Singleton v. Botkin, D.C.1946, 5 F.R.D. 173.

Accordingly the writ will be discharged without prejudice.

---

[1] See Note, 61 Harv.L.Rev. 657 (1948).

[2] See Act of June 29, 1940, c. 445, 54 Stat. 688, 18 U.S.C.A. § 596 [now § 3141], and Rule 40(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

[3] United States v. Brawner, D.C.W.D. Tenn.1881, 7 F. 86.