DELATOUR AND MARMOUGET v. SOUTHERN RAILWAY COMPANY

(March 29, 1926, Opinion and Decree.)
(April 26, 1926, Rehearing Refused.)
(June 1, 1926, Writs of Certiorari and Review Denied by Supreme Court.)

(*Syllabus by the Court.*)

1. Louisiana Digest—Courts—Par. 8, 9; Pleading—Par. 66.

In a transitory action arising in another state, the courts of this state, irrespective of the citizenship of the plaintiff, are without jurisdiction to entertain a suit brought against a foreign corporation doing no local business within this state. Under such conditions, a plea taken to the jurisdiction is well-founded, despite the fact that the defendant corporation, under the laws of this state, has voluntarily designated an agent to represent it within this state, as one upon whom citation may be served.

Appeal from the Civil District Court, Parish of Orleans, Div. "E", Hon. William H. Byrnes, Jr., Judge.

Action by Frank Delatour and Edward Marmouget against the Southern Railway Company.

There was judgment for the respective plaintiffs in amounts less than claimed, and plaintiffs appeal.

Judgment reversed.

Fred. A. Wulff, of New Orleans, attorney for plaintiffs and appellants.

Walter J. Suthon, Jr., of New Orleans, attorney for defendant and appellee.

OPINION

BELL, J. This is an action ex delicto, brought by plaintiffs against the defendant railroad for injuries to certain race horses belonging to plaintiff. The accident occurred near Greenville, South Carolina, while the shipment was in transit from Bowie, Maryland, to New Orleans, Louisiana. The caretaker who was travelling with the horses has also sued the defendant for physical injuries arising out of the same accident. The two suits have been consolidated for purposes of trial on appeal.

Defendant filed in each suit a plea to the jurisdiction of the court, which was

overruled. Upon the merits, there were judgments for the respective plaintiffs in amounts very much less than claimed. Plaintiffs in both suits have appealed, and defendant, answering each of the appeals, has filed and renewed before this court its plea to the jurisdiction, praying that said plea be maintained in each suit, or, in the alternative, that this court either dismiss the suits on the merits or else reduce the amounts awarded.

Considering carefully the two records as consolidated, particularly certain stipulations between counsel and certain unrebutted testimony offered by defendant in amplification of the stipulation, we find the statements in defendant's brief, which are pertinent to its plea to the jurisdiction, to be correctly set forth as follows:

"The plea to the jurisdiction is based upon the ground that the defendant is a foreign corporation, organized under the laws of Virginia, and is accordingly not suable in Louisiana upon a cause of action arising in another state (South Carolina), although it has concededly qualified to do business in Louisiana and appointed an agent for service of process here. The contentions are made alternatively (a) that the Louisiana statutes do not authorize the institution of a suit against a foreign corporation here, arising out of business done elsewhere, or (b) that, if the Louisiana statutes do purport to confer jurisdiction of such a cause of action upon its courts, they then become unconstitutional insofar as they apply to such foreign corporations as the present defendant, which does no legal business in this state, but confines its operations solely to interstate commerce.

"The facts upon which the pleas to the jurisdiction were submitted and embodied in two stipulations, together with the testimony of an employee of the defendant covering its operations within the State of Louisiana.

"It appears from these stipulations and this testimony that the shipment of these race horses, accompanied by their care-taker, was a through interstate movement from Bowie, Maryland, to New Orleans, Louisiana, the route being as follows: Bowie, Md., to Washington, D. C., Pennsylvania Railroad Company; Washington, D. C., to Atlanta, Ga., Southern Railway Company; Atlanta, Ga., to Montgomery, Ala., Atlanta & West Point Railway Company; Montgomery, Ala., to New Orleans, La., Louisville & Nashville Railway Co.

"The record contains duplicate original of the through bill of lading issued by the Pennsylvania Railroad Company covering this movement, and that railroad, as the initial carrier of an interstate shipment, was legally responsible for the proper performance of the contract of carriage for the entire journey from Bowie to New Orleans. (Carmack Amendment, U. S. Comp. Stat., Sec. 8604 (a); Atlantic Coast Line vs. Riverside Mills, 219 U. S. 186.)

"The Southern Railway Company, as an intermediate carrier from Washington to Atlanta, assumed no such responsibility and the contract as to it was merely one for transportation between those two points. It was not responsible to the shipper for the transportation of these horses from Atlanta to New Orleans, or for safe handling of same during that part of the journey. (Atlantic Coast Line vs. Riverside Mills, 219 U. S. 186; 10 C. J. 544; Vincent & Hayne vs. Y. & M. V., 114 La. 1021; Thompson vs. Southern Pacific Co., 121 La. 994.)

"Buscher accompanied the horses as caretaker, and of course had the same routing. He testified that he purchased a local ticket from Bowie to Washington and then procured from the Southern Railway Company a through ticket from Alexandria, Va., to New Orleans. (Pltf's test. 12, 15.) This, however, did not make the Southern Railway Company responsible to him for transportation beyond its own lines (i. e., beyond Atlanta), since the rule as to passenger transportation, unlike the rule as to interstate freight transportation, is that a carrier selling a through ticket beyond its own lines acts merely as an agent of the subsequent connecting carriers, and is not responsible for the performance of that portion of the contract of carriage. 10 C. J., 819; Missouri Pacific Railway Co. vs. Prude, 265 U. S. 99.

"It is thus demonstrated that, in both cases, the cause of action arises out of an accident which occurred in, South Carolina, in the course of the performance by defendant of a contract of carriage, which, as far as its own responsibilities were concerned, commenced at Washington or Alexandria and terminated at Atlanta.

"The stipulations further show that the Atlanta & West Point Railroad Company and the Louisville & Nashville Railway Company, which furnished the transportation from Atlanta to New Orleans, as well as the Pennsylvania Railroad Company, the initial carrier, are corporations separate and distinct from the Southern Railway Company, and are not affiliated with it or its system. It is admitted in the stipulation that the New Orleans & Northeastern Railroad Company, (which did not handle this shipment at all), operating a railroad line between New Orleans and Meridian, forms a part of what is called the Southern Railway System, with which the Southern Railway Company is affiliated, but the two are separate and distinct corporate entities and which are operated by separate and distinct corporations, two of which are the Southern Railway Company and New Orleans & Northeastern Railroad Company, and is not itself a corporation or a legal entity of any nature whatsoever. The Southern Railway Company has qualified in Louisiana as a foreign corporation, and has appointed one E. R. Oliver as its agent for service of process. It neither owns, nor operates any railroad lines within the State of Louisiana, the closest point to Louisiana reached by its own lines and its own operations being Atlanta, Ga., Birmingham, Ala., and Meridian, Miss.

"The testimony of A. D. Stoll, assistant to , Mr. Oliver, is to the effect that the Southern Railway Company owns no railroad lines and operates no railroad trains within the State of Louisiana, and that its only operations here are the solicitation of freight and passenger business for its lines in other states. It appears from his testimony that all of the Southern Railway System Lines maintain a joint office in New Orleans for the solicitation of freight and passenger traffic, the Southern Railway Company paying a pro rata of the expense of this office, but that all the railroad business obtained through the solicitation activities of this office for the Southern Railway Company covers movements outside of the State of Louisiana."

In the light of the indisputable facts above noted, we are of the opinion that the plea to the jurisdiction should have been maintained.

It is contended for plaintiffs and defendant's voluntary, compliance with the State statutes (Acts 194 and 243 of 1912; Act 267 of 1914; Act 179 of 1918), resulting in its appointment of an agent for services of process in this State, rendered defendant amenable to the present action, irrespective of the fact that the cause of action arose in a state other than that in which this suit is brought, and notwithstanding the fact that the alleged act of negligence was in no manner connected with any business conducted by the defendant within the State of Louisiana. In support of this contention, plaintiffs rely upon the ruling made in State ex rel. Watkins vs. North America Land & Timber Co., Ltd., 106 La. 621, 31 South. 172, where mandamus issued to compel the appointee and resident representative in Louisiana of a London corporation to permit the relator to examine such books of the respondent as were actually located in Louisiana, the inspection having been denied relator by the designated agent, while the latter was actually residing in and acting for respondent in Louisiana. It is plain that in the cited case the cause of action upon which the mandamus proceedings was predicated, arose within the State, under whose judicial process relief was sought. The facts in the Watkins case, as against those under consideration, are clearly differentiated. A careful analysis of that decision convinces us that the question here at issue was not there decided. The court, however, indicated in discussing certain

decisions of other courts tending toward the maintenance of jurisdiction over suits against foreign corporations on causes of action arising elsewhere, that if such issues were before it, it would not be disposed to follow the extreme view expressed in the cited authorities. On that point, the court said:

"It is not necessary, nor would we be disposed, to adopt the extreme view last above referred to. On the contrary, we might hold that the jurisdiction acquired by service of process on respondent's agent in this State is confined to cases in which the cause of action arises here, and nevertheless maintain the jurisdiction so acquired in the instant case. For, whilst, the relator's right, if he has any, to inspect the respondent's books, may spring from the contract made in England, the cause of action disclosed in his petition consists of the refusal of the respondent's agent here to permit him to exercise that right."

Whatever independent conclusions may be advanced as to the precise ruling made in the Watkins case, there is, however, a later and more conclusive authority which determines the jurisdictional question here involved. It is our opinion, that the question is no longer open to discussion, in the light of what has been determined by the United States Supreme Court in the case of Missouri Pacific Railroad Company vs. Clarendon Boat Oar Company, 257 U. S. 533, we quote, in part, from the opinion as follows:

"This is a writ of error to the judgment of the highest court of the State of Louisiana to which the case could be taken. The plaintiff, the Missouri Pacific Railroad Company, a Missouri corporation, sued the defendant company, the Clarendon Boat Oar Company, a New York company, for damages in the District Court of Richland Parish, for the breach of an affreightment contract entered into in the State of Arkansas and to be performed in that State. The defendant appeared solely to except to the jurisdiction. The district court sustained the exception, and, on appeal to the Court of Appeal of the Second Circuit, this ruling was affirmed and the cause dismissed. The Supreme Court of the State refused to entertain an appeal.

"Act No. 243 of 1912, p. 543, and Act No. 267 of 1914, p. 532, of the Annual Laws of Louisiana, provide that service on foreign corporations may be made on any agent which the corporation has designated, and require that every foreign corporation doing business in the State shall file a written declaration with the Secretary of State showing its domicile and the place or places where it is to do business and designating its agent, resident in the parish where its business is to be done, and that service on said agent, whether personal or domiciliary, shall be a valid service on it. The Court of Appeal in this case held, following what it deemed to be the holding of the Louisiana Supreme Court in the case of Watkins vs. North American Land & Timber Co., 106 La. 621, that the Louisiana statute was not intended to give the state courts jurisdiction over foreign corporations by service on agents appointed thereunder, in transitory actions arising in another state. The action of the Supreme Court in refusing to entertain an appeal in this cause shows this to be the authoritative construction of the statute by the state courts."

See Simon vs. Southern Railway Co., 236 U. S. 115; Mitchell Furniture Co. vs. Seldon Brick Construction Co., 257 U. S. 213.

Upon the authorities herein noted, we are of the opinion that the plea to the jurisdiction of the court is well founded, and should be maintained. It is therefore ordered that the judgment appealed from be set aside and reversed, and that there be judgment in favor of the defendant, Southern Railway Company, and against plaintiffs, Frank Delatour and Edward Marmouget, maintaining defendant's plea to the jurisdiction of the court, and dismissing plaintiffs' suit, at their cost in both courts.