## W. H. HODGES & CO., INC., v. PENNSYLVANIA R. R. CO.

---

(May 5, 1930. Opinion and Decree.)
(June 16, 1930. Rehearing Refused.)
(August 19, 1930. Writ of Certiorari and Review Granted by Supreme Court.)

Prowell, McBride & Ray, and Welton P. Mouton, of New Orleans, attorneys for plaintiff, appellant.

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. W. H. Hodges & Company, Inc., a Louisiana corporation, brought this action in the Civil District Court for the Parish of Orleans against the Pennsylvania Railroad Company, a corporation neither domiciled nor engaged in business in this state.

Jurisdiction in the Louisiana court is asserted solely because of the attachment of certain freight cars of defendant while on the line of an interstate carrier engaged in business in this state.

The Pennsylvania Railroad Company is a non-resident of Louisiana, has no place of business and is not engaged in business here, has no agent for the service of process and has not consented to be sued here.

The suit is based on damage alleged to have been sustained by two cows while in transit from Greenville, Illinois, to New Orleans, Louisiana, the Pennsylvania Railroad having been the initial carrier and plaintiff being the holder of the bill of lading. The action is, therefore, brought against the initial carrier under the provisions of the Carmack amendment to the Interstate Commerce Act.

The petition does not allege the exact point at which the negligent acts causing the damage were committed, though it may fairly be inferred that these acts occurred before the shipment reached the border of the state of Louisiana.

In oral argument it was conceded that the cause of action arose before the shipment reached the borders of the state of Louisiana and a reading of the brief of appellant indicates that there is no controversy on this point.

Defendant, appearing solely for the purpose of contending that the courts of this state are without jurisdiction, suggests two grounds on which it bases the contention that there is no jurisdiction here.

First: That the cause of action, being of a transitory character and not having arisen in Louisiana, the courts here can not obtain jurisdiction even by foreign attachment over the property of a non-resident corporation, which has no agent here and which is not engaged in business in this state.

Second: That if the laws of Louisiana permit its courts to assert jurisdiction in such a situation over a corporation engaged in interstate commerce, then those laws are violative of the commerce clause of the Constitution of the United States in that they permit and authorize an undue interference with interstate commerce.

In support of this second contention defendant calls to our attention Davis v. Farmers' Cooperative Equity Co., 262 U. S. 312, 43 S. Ct. 556, 557, 7 L. Ed. 996, in which a statute of Minnesota was declared by the Supreme Court of the United States to violate the commerce clause of the Federal Constitution because that statute, as construed by the court of last resort of Minnesota, compelled every foreign interstate carrier to submit to suit in Minnesota as a condition to being permitted to maintain a soliciting agent within the state, whether the cause of action sued on arose within or without the state.

In declaring that such construction rendered the statute obnoxious, the Supreme Court of the United States said:

"This condition imposes upon interstate commerce a serious and unreasonable burden, which renders the statute obnoxious to the commerce clause. Compare Sioux Remedy Co. v. Cope, 235 U. S. 197, 203, 35 Sup. Ct. 57, 59 L. Ed. 193.
"That the claims against interstate carriers for personal injuries and for loss and damage of freight are numerous; that the amounts demanded are large; that in many cases carriers deem it imperative, or advisable, to leave the determination of their liability to the courts; that litigation in states and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers—these are matters of common knowledge. Facts of which we, also, take judicial notice, indicate that the burden upon interstate carriers imposed specifically by the statute here assailed is a heavy one; and that the resulting obstruction to commerce must be serious."

It appears to us that the above reasoning applies with great force to the situation presented here and that the words,

"That litigation in States and jurisdictions remote from that in which the cause of action arose entails absence of employees from their customary occupations; and that this impairs efficiency in operation, and causes, directly and indirectly, heavy expense to the carriers" cannot be lost sight of, as they seem to form the basis of a clear distinction between that case and the case of State of Missouri v. Taylor, 266 U. S. 200, 45 S. Ct. 47, 48, 69 L. Ed. 247, 42 A. L. R. 1232, 266 U. S. 1232, in which it was held that to permit a foreign corporation to be brought into court in a state in which it was not domiciled or engaged in business does not effect an undue and unnecessary interference with interstate commerce. We find that in only one particular do the facts of the Taylor case differ from those in the Davis case and that is, that as stated by the court, "For aught, that appears the negligence complained of occurred within Missouri."

We cannot see that any distinction between the facts of the Taylor case and those in the case at bar results from the fact that here only a judgment in rem is asked for because it appears that just as serious an interference with interstate commerce results from the attachment of property necessarily used by carriers in interstate commerce as results from the filing of a suit seeking a judgment in personam. In either case the carrier must send its employes into a foreign jurisdiction to present the defense and, in fact, in the case of a proceeding commenced by attachment, it must make hurried ar-

rangements for furnishing bond, etc., and in the meantime, pending the making of these arrangements, serious delays to interstate commerce may result.

In the case at bar the attachment was issued on October 18th and arrangements to release the attachment were not completed until October 22nd, four days later. Incalculable harm may have been done to the shipment contained in the cars which were attached during that period of delay.

Since we find no other distinction between the two decisions of the United States Supreme Court to which we have referred, except that in the one (Davis v. Farmers' Cooperative Equity Company, supra) in which it was held that the state statute, when construed as permitting a suit on a cause of action arising in another state, caused an unnecessary interference with interstate commerce and since, necessarily, there must be some fact which distinguishes the two cases, we have come to the conclusion that the principle enunciated in the Davis case controls the situation presented here, since here the cause of action arose before the shipment reached the state of Louisiana.

In view of the conclusion to which we have come, we find it unnecessary to consider and discuss the question presented in the first contention raised by the exceptor.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.