ROGERS, J.
The plaintiff, W. H. Hodges & Co., Inc., is a Louisiana corporation domiciled in the parish of St. Bernard. The defendant, Pennsylvania Railroad Company, is a nonresident corporation, not ¡qualified to do, nor doing, any business within the state, engaged in interstate commerce. The suit is one for the recovery of damages for the loss of two cows which plaintiff alleges died from injuries received through rough treatment and negligent handling while in transit outside the state. The cows formed part of a carload of cattle which were shipped from Greenville, Ill., a point on the line of the defendant railroad company, to New Orleans, La. Plaintiff, as the holder of the bill of lading, instituted its action against the defendant, as the initial carrier, under the Carmack Amendment to the Interstate Commerce Act (49 USCA § 29(11, 12). The suit was filed in the civil district court for the parish of Orleans, and jurisdiction of the local courts was asserted by attachment and garnishment proceedings, under which certain freight cars owned by the defendant were seized in the possession of the Illinois Central Railroad Company.
The defendant excepted to the jurisdiction of the eougt on the twofold ground that defendant, being a nonresident corporation, not qualified to do, and not doing, any business within the state, was not amenable to local process on a cause of action arising out *701 side tlie state, and that the cause of action alleged unduly interfered with interstate commerce in violation of the commerce clause of the federal Constitution.
The court below maintained the exception on the first of these grounds, and dismissed plaintiff’s suit. The Court of Appeal, 14 La. App. 285, 128 So. 52, without passing upon that ground, maintained the second ground of defendant’s exception, and affirmed the judgment. The case is now before us on a writ of certiorari or review.
Obviously, the first question to be determined is whether the laws of the state authorize the cause of action declared on by the plaintiff. If they do not, that is the end of the case. On the other hand, if they do authorize such an action, then it will become necessary to consider and dispose of the question of whether the action constitutes an interference with interstate commerce in violation of the federal Constitution.
The legal effect of the provision of the Carmack Amendment (49 USCA § 20(11, 12) imposing liability upon the initial carrier for any loss, damage, or injury to property in transit is not to confer upon the lawful holder of a bill of lading any new kind of contractual right, but to extend to him rather a new and additional-kind of remedy for the enforcement of his pre-existing contractual rights, by granting him a right of action against the initial carrier where the primary liability is upon a connecting carrier,
In this case, plaintiff, availing itself of its choice of remedies, elected to sue in tort rather than in contract. Plaintiff grounds its action on Act 215 of 1920, authorizing the issuance of writs of attachment in suits against nonresident corporations for damages arising from offenses, quasi offenses, or torts. The writ is the principal demand, and the foundation of the suit is in rem and operates only on the property seized. Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227.
The question for decision, therefore, is: In a transitory action arising in another state are the courts of this state authorized, under its laws, to entertain jurisdiction of a suit instituted by attachment and garnishment by one of its citizens against a nonresident corporation having no agent and doing no business within the state?
Act 215 of 1920, invoked by plaintiff, must be construed in connection with the provisions of Act 184 of 1924, limiting the jurisdiction of the state courts over nonresident corporations having an agent or doing business within the state to cases of liability growing out of or connected with the business done by the corporation in the state. The latter statute was enacted manifestly for the purpose of making the statutory provisions conform expressly with the interpretations this court had given the previous statutes, which the.Supreme Court of the United States recognized as a fair and reasonable interpretation. See United Oil & Natural Gas Products Corporation v. United Carbon Co., ante, p. 374, 131 So. 52, recently decided.
In Louisville & Nashville R. R. Co. v. Chatters (Southern Railway Co. v. Chatters), 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711, the Supreme Court of the United States had before it a case arising under Act 184 of 1924, in which it referred to the decisions of this court construing previous statutes on the same subject-matter (State ex rel. Watkins v. North American Land & Timber Co., 106 La. 621, 31 So. 172, 87 Am. St. Rep. 309; Delatour and Marmouget v. Southern Railway Co., 4 La. App. 658; Buscher v. Southern Railway Co., 4 La. App. 653; Missouri *703 Pacific Railroad Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S. Ct. 210, 66 L. Ed. 354), as bolding, in effect, that the designation of the statutory agent did not authorize a suit against a nonresident corporation on a cause of action arising wholly outside and wholly unconnected with any act or business of the corporation within the state.
The case of Delatour and Marmouget v. Southern Railway Co., referred to in the court’s opinion, was decided by the Court of Appeal for the Parish of Orleans, and writs of certiorari and review therein applied for were denied by this court. The case involved an action ex delicto for the recovery of damages for injuries to certain race horses owned by the plaintiff. The accident in which the horses were injured occurred near Greenville, S. C., while the shipment was in transit from Bowie, Md., to New Orleans, La. An exception to the jurisdiction of the state court was held to be well-founded. The basis of the decision was that in a transitory action arising in another state, the courts of this state, irrespective of the citizenship of the plaintiff, are without jurisdiction to entertain a suit brought against a nonresident corporation doing no local business within the state, despite the fact that the corporation, under the laws of the, state, has voluntarily designated an agent to represent it within the, state for purposes of citation.
In the case of Missouri Pacific Railroad Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S. Ct. 210, 211, 66 L. Ed. 354, the plaintiff sued the defendant, a New York corporation, for damages for breach of contract of affreightment entered into and to be performed in Arkansas. The suit was brought in one of the district courts of the state, because the defendant had qualified to do business within the state by designating an agent for the service of process. A plea to the jurisdiction was sustained on the ground that the cause of action arose outside the state. The case was taken to the Supreme Court of the United Sates on a writ of error, and that court, in dismissing the writ, stated, viz.:
“Provisions for making foreign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process. Still less is it incumbent upon a state in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the state. Indeed, so clear is this that in dealing with statutes providing for service upon foreign corporations doing business in the state upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the state.”
Previously, the Supreme Court of ¿he United States, in the case of Simon v. Southern Railway Co., 236 U. S. 115, 35 S. Ct. 255, 260, 59 L. Ed. 492, held that service on a state officer under our Act 54 of 1904 was not sufficient to give our state courts jurisdiction of a suit against a nonresident corporation doing business within the state on a cause of action arising i^i another state. In discussing the question presented the court said:
“Subject to exceptions, not material here, every state 'has the undoubted right to provide for service of process upon any foreign corporations doing business therein; to require such companies to name agents upon whom service may be made; and also to provide that in case of the company’s failure to appoint such agent, service, in proper cas *705 es, may be made upon an officer designated by law. Mutual Reserve Fund Life Asso. v. Phelps, 190 U. S. 147, 47 L. Ed. 987, 23 S. Ct. 707; Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 603, 43 L. Ed. 569, 19 S. Ct. 308. But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, mjght, by virtue -of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old Wayne Mut. Life Asso. v. McDonough, 204 U. S. 22, 51 L. Ed. 345, 27 S. Ct. 236, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states.”
Act 215 of 1920, which is relied on by plaintiff, merely authorizes proceedings by attachment against nonresidents in connection with suits for unliquidated claims arising in tort. Prior to the adoption of the statute such an action would not lie. The legislative act does nothing more than grant a right which did not theretofore exist. It does not broaden nor add to the character of the actions which may be brought against nonresident corporations.
It plainly appears from an examination of the decisions and of the provisions of Act Xo. 184 of 1924 hereinabove referred to that, whatever may be its power in that regard, the state Legislature has not seen fit to confer upon' the state, courts jurisdiction over nonresident corporations, qualified to and doing business within the state, to adjudicate upon transitory actions arising outside the state and not relating to business done within the state. From which it logically follows that, if a nonresident corporation admitted to do business in the state cannot be proceeded against by attachment on the ground of non-residence (Burgin Bros. & McCane v. Barker Baking Co., supra; Fullilove v. Central State Bank, 160 La. 831, 107 So. 590) in an action in personam on a tort committed outside the state, it cannot be proceeded against in rem in an action arising ex delicto because some of its property may be found within the limits of the state. In other words, since the laws of the state do not permit a suit of the character under review here to be brought against a nonresident corporation admitted to do business and owning property within the state, it would be highly illogical to hold •that they do permit such a suit to be brought against a nonresident corporation not admitted to do business within the state, merely because it temporarily has some property here.
Our conclusion is that the first ground of defendant’s exception to the jurisdiction of the local courts is well founded; that is to say, that the defendant railroad company being a nonresident corporation not admitted to do and not doing any business within the state is not amenable to the process of the state in an action ex delicto arising in another state. This view of the casé renders it unnecessary for us to discuss the second ground of defendant’s exception, namely, that the cause of action herein declared on unduly interferes with interstate commerce in vio *707 lation of the commerce clause of the federal Constitution.
For the reasons assigned, the judgment of the Court of Appeal is affirmed at the relat- or’s cost.