## MISSOURI PACIFIC RAILROAD COMPANY *v.* CLARENDON BOAT OAR COMPANY, INC.

### ERROR TO THE COURT OF APPEALS, SECOND CIRCUIT, OF THE STATE OF LOUISIANA.

No. 102. Argued January 20, 1922.—Decided February 27, 1922.

A state law for securing jurisdiction over foreign corporations in proceedings in the state courts, by requiring appointment of agents upon whom process may be served, applicable alike to actions by residents or nonresidents, clearly does not violate due process in not applying to transitory actions arising outside the State; a contention to the contrary made by plaintiff foreign corporation is frivolous, and will not support a writ of error. P. 534.

Writ of error dismissed.

ERROR to review a judgment of the Court of Appeals of Louisiana affirming a judgment of a District Court of the State and dismissing for want of jurisdiction an action for breach of contract brought by the railroad against the Boat Oar Company.

*Mr. Allan Sholars,* with whom *Mr. Henry Bernstein* and *Mr. F. G. Hudson, Jr.,* were on the brief, for plaintiff in error.

No brief filed for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the court.

This is a writ of error to the judgment of the highest court of the State of Louisiana to which the case could be taken. The plaintiff, the Missouri Pacific Railroad Company, a Missouri corporation, sued the defendant company, the Clarendon Boat Oar Company, a New York company, for damages in the District Court of Richland Parish, for the breach of an affreightment contract entered into in the State of Arkansas and to be performed in that State. The defendant appeared solely to except to the jurisdiction. The District Court sustained the exception, and, on appeal to the Court of Appeals of the Second Circuit, this ruling was affirmed and the cause dismissed. The Supreme Court of the State refused to entertain an appeal.

Act No. 243 of 1912, p. 543, and Act No. 267 of 1914, p. 532, of the Annual Laws of Louisiana, provide that service on foreign corporations may be made on any agent which the corporation has designated, and require that every foreign corporation doing business in the State shall file a written declaration with the Secretary of the State showing its domicile and the place or places where it is to do business and designating its agent, resident in the parish where its business is to be done, and that service on said agent, whether personal or domiciliary, shall be a valid service on it. The Court of Appeals in this case held, following what it deemed to be the holding by the Louisiana Supreme Court in the case of *Watkins* v. *North American Land & Timber Co.*, 106 La. 621, that the Louisiana statute was not intended to give the state courts jurisdiction over foreign corporations by service on agents appointed thereunder, in transitory actions arising in another State. The action of the Supreme Court in refusing to entertain an appeal in this cause shows this to be the

authoritative construction of the statute by the state courts.

This writ of error is based on the theory that the statute of Louisiana, thus construed, denies the plaintiff in error due process of law and the equal protection of the laws in contravention of the Fourteenth Amendment to the Federal Constitution. In the *Watkins Case, supra,* the Supreme Court of the State held that the provisions of the foreign corporation law furnished equal opportunity to residents and non-residents to sue foreign corporations. The contention comes down to this, therefore, that it is a lack of due process for a state statute of procedure to fail to furnish a person, within the limits of the State, power to sue a non-resident corporation and take judgment for a cause of action arising in another State. Under § 2 of Article IV of the Federal Constitution, the citizens of each State are entitled to all privileges and immunities of citizens in the several States. This secures citizens of one State the right to resort to the courts of another, equally with the citizens of the latter State; but where the citizens of the latter State are not given a process for reaching foreign corporations, it is not apparent how non-citizens can claim it. Provisions for making foreign corporations subject to service in the State is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process. Still less is it incumbent upon a State in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions not arising in the State. Indeed, so clear is this that, in dealing with statutes providing for service upon foreign corporations doing business in the State upon agents whose designation as such is especially required, this court has indicated a leaning toward a construction where possible, that would exclude from their operation causes of action not arising in the business done by them in the State.   *Mitchell Furni-*

*ture Co.* v. *Selden Breck Construction Co., ante,* 213; *Old Wayne Mutual Life Association* v. *McDonough,* 204 U. S. 8, 22; *Simon* v. *Southern Ry. Co.,* 236 U. S. 115, 130. The latter case was a Louisiana case under this same law. In these circumstances and this state of the authorities in this court, it is frivolous to claim that a statute of procedure, by its failure to give jurisdiction over foreign corporations in transitory actions arising in another State, constitutes a lack of due process of which plaintiff in error can complain. In such a case the writ must be dismissed. *Farrell* v. *O'Brien,* 199 U. S. 89, 100; *Empire State-Idaho Mining Co.* v. *Hanley,* 205 U. S. 225, 232; *Goodrich* v. *Ferris,* 214 U. S. 71, 79; *Toop* v. *Ulysses Land Co.,* 237 U. S. 580, 583; *Piedmont Power & Light Co.* v. *Town of Graham,* 253 U. S. 193, 195.

　　　　　　　　　　*The writ of error is dismissed.*