O’NIELL, C. J.
 

 The plaintiff has appealed from a judgment dismissing this suit on an exception to the jurisdiction of the court. The defendant is a foreign corporation, and the transaction on which the plaintiff’s claim is founded was had outside of Louisiana, in the city of New York.
 

 The defendant is incorporated ■ under the laws of Delaware, and has its domicile in Wilmington, in that state. The plaintiff is also a Delaware corporation with its domicile in Wilmington. Both corporations were, when the transaction in question took place, and the defendant is yet, engaged extensively in the manufacture of carbon black from natural gas, in the parish of Ouachita, La., in the gas field extending into Morehouse, an adjoining pabish. In fact the carrying on of such business was the object and purpose for which each corporation was organized. The principal business establishment of each corporation was in the parish of Ouachita, La., at the time of the transaction which gave rise to this lawsuit, and the principal business establishment of the defendant is there yet.
 
 *377
 
 Each corporation had complied with the statute of Louisiana, Act No. 184 of 1924, prescribing the conditions on which a foreign corporation might do business in this state; the defendant having appointed' as its agent on whom legal process should be served a resident of the city of Monroe, the parish seat of Ouachita parish, where the present suit was instituted by personal service upon the agent so appointed.
 

 The suit is for $60,000, with legal interest thereon, and for recognition of the vendor’s lien on certain property sold by the plaintiff to the defendant, consisting of 30 acres of land in Ouachita parish, La., and a number of oil and gas leases on lands in that parish, with the carbon 'black manufacturing plant, warehouses, residences, offices, railroad tracks and sidings, and all machinery and equipment on the lands, used in the manufacture of carbon black, gasoline and other products or by-products of oil and gas. The sale included also the pipe lines of the plaintiff, specifically, 49,797 feet of 6-inch pipe line and 51,636 feet of 4-ineh pipe line, and the rights of way therefor, extending from Ouachita into Morehouse parish, La.
 

 It appears from the deed annexed to the plaintiff’s petition- — and is admitted in the defendant’s pleadings — that the sale was made in New York City, on the 28th of March, 1925, by deed before a notary public for New York county. It appears also in the deed that “the price and consideration” for which the sale was made was $1,241,800, paid in the capital stock of the United Carbon Company, and represented by 6,209 shares of 7 per cent, noncumulative preferred stock and 24,837 shares of fully paid and nonassessible common stock. It is alleged in the plaintiff’s petition that the agreement was that-half of the price should be paid in the preferred stock, at $100 per share, and half in the common stock, at $25 per share; that the price was to be determined by a valuation to be made by the American Appraisal Comp'any; that the appraisement amounted to $1,239',995.48, but that, thlough error, the American Appraisal Company included in its appraisement certain supplies, appraised at $1,861.58, which were not intended to be included; and that the true price was therefore $1,239,995.48, for which the buyer -was to deliver 6,200 shares of the preferred stock, at $100 per share, and 24,800 shares of the common stock, at $25 per share. It is alleged that the defendant delivered only 5,900 shares of the preferred stock and only 23,600 shares of the common stock, and that, notwithstanding repeated demands on the part of the plaintiff, the defendant has failed and refused to deliver the remaining 300 shares of preferred stock, at the agreed valuation of $30,000, and 1,200 shares of the common stock, at the same valuation. The suit, therefore, is for the $60,000, alleged to be the unpaid part of the price of the property, or the value, agreed upon, of the undelivered stock.
 

 The question of jurisdiction, which is the only question before us, depends upon the proper construction of Act No. 184 of 1924, p. 286. The statute requires that a foreign corporation shall, as a condition precedent to being authorized to do business in this state, file in the office of the secretary of state a written declaration of its domicile, of the place or places where it is to do business in this state, the place of its principal business establishment, and the name of an agent or officer in the state upon whom process may be served, who shall be a resident of the parish in which the corporation has an’ established business. The statute provides further that the appointment of the resident agent or officer on whom service of process may be made shall be contained in a written power of attorney, accorn
 
 *379
 
 panied by a certified copy of a resolution of the board of directors of the corporation, consenting that any lawful process against the corporation served upon the resident agent or officer named in the resolution shall be a valid -service upon the corporation, “and that the authority shall continue in force and be maintained as long as any liability remains outstanding against said corporation growing out of or connected with the business done by said corporation in this state.”
 

 The United Carbon Company declared íd the appointment of the resident agent, and in the resolution of the board of directors authorizing and accompanying the appointment, filed in the office of the secretary of state, previous to the transaction which brought about this suit, that the company’s principal business establishment was in Ouachita parish and Morehouse parish; that the company appointed C. I-I. McHenry, a resident of the city of Monroe, in the parish of Ouachita, La., as its agent in Louisiana, on whom all process of law, whether mesne or final, against the company, should be served, in any action or special proceeding against the company in the state of Louisiana; that the said agent was thereby duly authorized and empowered, as the agent of the company, to receive and accept service of process in all cáses provided for by the laws of Louisiana; and that such service should be deemed a valid personal service and binding upon the company, according to the Constitution of Louisiana and Act No. 184 of 1924.
 

 The question, therefore, is whether the liability of the defendant, for the price of the property in Louisiana, bought from the plaintiff in New York, if any such liability remains unpaid, is, in the meaning of the statute (Act No. 184 of 1924, § 2), a liability “growing out of or connected with the business done by said corporation in this state.” The defendant pleaded specifically, in the exception to the jurisdiction of the court, that the Act No. 184 of 1924 would be violative of the Fourteenth Amendment of the Constitution of the United States, in that it would be a denial of due process of law, if construed so as to confer upon the courts of this state jurisdiction over this case.
 

 Our opinion is that the liability of the defendant, for any unpaid part of the price of the property in Louisiana, bought by the defendant from the plaintiff, in New York, if any such liability remains unpaid and if the plaintiff therefore has a cause of action anywhere, is a liability connected with the business done by the defendant in this state. The term, “the business done by said corporation in this state,” does not mean the single transaction by which the liability was incurred. It means the business done generally by the corporation in this state, and by the doing of which the corporation is deemed to be in the state, under the protection of the laws of the state, and subject to the jurisdiction of the courts of the state. The liability disclosed by the pleadings and the record in this case, if there is any such liability, is for a part of the price or consideration for the transfer by the plaintiff to the defendant of property in this state, both real and personal property, to be used by the defendant corporation, and in fact used by the defendant corporation, in “the business done by said corporation in this state.” It would be difficult to imagine a liability more closely connected with the business done by the corporation in this state.
 

 We express no opinion, of course, as to whether the plaintiff can prove the liability alleged in this case. But the facts disclosed by the pleadings, and by the evidence introduced on the trial of the plea to the jurisdie
 
 *381
 
 tion, are sufficient to subject the defendant to the jurisdiction of the district court in and for the parish of Ouachita, under the provisions of Act No. 184 of 1924; and, as thus construed, the statute is not violative of the Fourteenth Amendment.
 

 In B. & O. Railroad Co. v. Harris, 79 U. S. (12 Wall.) 65, 81, 20 L. Ed. 358, in 1871, it was said of a corporation as distinguished from a person:
 

 “It cannot migrate, but may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. One of these conditions may be that it shall consent to be sued there. If it-does business there it will be presumed to have assented and will be bound accordingly.”
 

 In Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 529, 42 L. Ed. 964, it was held:
 

 “The liability of a foreign corporation to be sued in a particular jurisdiction need not be distinctly expressed in the statutes of that jurisdiction, but may be implied from a grant of authority in those statutes to carry on its business there.”
 

 In Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 257 U. S. 213, 42 S. Ct. 84, 85, 66 L. Ed. 201, it was held that the construction company, a Missouri corporation, was not subject to the jurisdiction of the court in Ohio, on a contract made by correspondence, to- be performed outside of the state of Ohio, because the corporation had quit doing business in Ohio several months before the suit was brought. The construction company had appointed an agent (Simeon Nash) in Ohio, on whom service of process should be made, in conformity with a statute of Ohio. It was held that, in such a case, the question whether the scope of the agent’s authority extended to a suit brought when the foreign corporation was not doing business in the state where the suit was brought, on a contract made and to be performed in another state, depended upon the construction put upon the statute by the state court of last resort. Hence it was said:
 

 “The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State. Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. * * * As we know of no decision to the contrary by the Supreme Court of Ohio, we are of opinion that the service upon Nash was bad.”
 

 In Washington-Virginia Railway Co. v. Real Estate Trust Co., 238 U. S. 185, 35 S. Ct. 818, 820, 59 L. Ed. 1262, the suit was,instituted in Philadelphia, against a Virginia corporation, on certain bonds made by another Virginia corporation, payment of which, it was alleged, had been assumed by the defendant corporation. Service was made upon the president of the corporation, at his office in Philadelphia, where the corporation conducted a substantial part of its business. As far as the report of the case discloses, the debt sued On did not arise in Pennsylvania. The only ground on which it was held that the court in Philadelphia had jurisdiction was that the defendant corporation was doing in Philadelphia a substantial part of the business for which it was incorporated, and, under the laws of Pennsylvania, service of the summons -or citation on the president of the foreign corporation, at an office of the corporation in Philadelphia, was a valid service. After reciting in detail the nature and extent of the business done by the corporation in Philadelphia, the court said:
 

 
 *383
 
 “We'think the mere recital of these facts makes it evident that the corporation was properly served. It had submitted itself to the local jurisdiction, and there enjoyed the protection of the laws. In that jurisdiction by duly authorized agents it was, at the time of service, transacting an essential and material part of its business.
 

 “It follows that the judgment of the District Court, maintaining its jurisdiction, must be affirmed.”
 

 In Bethlehem Motors Corporation et al. v. Flynt, 256 U. S. 421, 41 S. Ct. 571, 572, 65
 
 L.
 
 Ed. 1029, it was said:
 

 “This court has decided too often to need citation of the eases that corporations doing business in a state and having an agent there are within the jurisdiction of the state for the purpose of suit against them, and we may assume that the principle is applicable here and that the Pennsylvania corporation, the Indiana corporation and the Delaware corporation are within the jurisdiction of the state and subject to its laws, equally with the corporations of the state.”
 

 The appellee quotes and relies upon the ruling in Simon v. Southern Railway Company, 236 U. S. 130, 35 S. Ct. 255, 260, 59 L. Ed. 500, where it was held that Act No. 54 of 1904 did not confer upon the courts of Louisiana jurisdiction over an action for tort occurring in another state, the action being brought against a foreign corporation doing business in Louisiana, by service upon the assistant secretary of state. The statute required every foreign corporation doing business in this state to file in the office of the secretary of state a declaration of the place of its domicile, the place or places of its doing business in the state, and the name of its agent or officer in this state on whom process should be served; and the statute declared that any foreign corporation doing business in the state without having complied' with the requirements mentioned might be sued for any cause of action in any parish where it was doing business, and that service of process in such a case should be made upon the secretary of state. Simon’s action against the railway company was for damages for personal injuries and losses alleged to have been suffered by reason of negligence on the part of the railway company while Simon was traveling as a passenger, on a ticket from Selma, Ala., to Meridian, Miss. The Tailway company was a Virginia corporation, doing some business in New Orleans, where the suit was brought and judgment was taken by default, in the state court. The railway company, learning of the judgment, filed a bill in the United States Circuit Court against Simon to enjoin him from enforcing the judgment of the state court. The case was referred to a master to hear evidence and to report his conclusions of law and facts. He found that the judgment of the State court was null, on the ground solely that the service of process on the
 
 assistant
 
 secretary of state was not a valid service, under the statute requiring service on the secretary of state. The Circuit Court held (184 F. 959) that the judgment of the state court was void on the ground that Act No. 54 of 1904, in so far as it provided for taking judgment against a foreign corporation by service of process on the secretary of state, was unconstitutional. Simon appealed *to the Circuit Court of Appeals, and that court held (115 C. C. A. 58, 195 F. 56), as the master had held, that Act No. 54 of 1904 did not provide for service upon
 
 an assistant
 
 secretary of state, and that, for that reason alone, the judgment of the state court was void. Simon appealed to the Supreme Court of the United States, and there it was held that service of
 
 *385
 
 process on the state officer designated by Act No. 54 of 1904 was not effective to give the state court jurisdiction of a suit against a foreign corporation doing business in the state, as to a cause of action arising in another state. The Supreme Court did not decide, or intimate in its opinion, that the judgment of the state court would have been void if the service had been made, as in the present case, upon a local agent appointed by the corporation in compliance with the statute, or if the indebtedness sued for had been, as it was in the present case, connected with the business done by the corporation in this state. On the contrary, Mr. Justice Lamar, for the court, declared that the court refrained from passing upon either of the propositions which had been decided in the courts below, and was deciding nothing more than that under the facts of that case the service of citation upon the state officer was not a valid service upon the foreign corporation, viz.:
 

 “The broader the ground of the decision here, the more likelihood there will be of affecting judgments field by persons not before the court. We therefore purposely refrain from passing upon, either of the propositions decided in the courts below, and without discussing the right to sue on a transitory cause of action and serve the same on an agent voluntarily appointed by the foreign corporation, we put the decision here on the special fact, relied on in the court below, that in this case the cause of action arose within the State of Alabama, and that the suit therefor, in the Louisiana court, was served on an agent designated by a Louisiana statute.”
 

 The two outstanding facts in the present ease, which were not facts in the case of Simon v. Southern Railway Co., and which distinguish this case from that, are, first, that the liability alleged in this case, if it exists, arose from a transaction connected with the business done by the defendant corporation in this state, and, second, that the service of citation in this case was upon a local agent appointed by the defendant corporation in compliance with the statute.
 

 In Missouri Pacific Railroad Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S. Ct., 210, 66 L. Ed. 354, the railroad company, a Missouri corporation, sued the boat oar company, a New York corporation, in the district court in Richland parish, La., for damages for an alleged breach of an affreightment contract entered into in Arkansas to be performed in that state. The defendant excepted! to the jurisdiction of the .court. The exception was sustained and the suit dismissed. The Court of Appeal affirmed the ruling; and the state Supreme Court refused to issue a writ of certiorari or review. The railroad company took the case to the Supreme Courl of the United States on a writ of error, contending that the construction which the Louisiana courts had put upon Act No. 54 of 1904, as amended and re-enacted by Act No. 284 of 1908 and by Act No. 243 of 1912, was a denial of due process of law and of the equal protection of the laws, in contravention of the Fourteenth Amendment. The Supreme Court dismissed the writ of error, saying that it was not a denial of duA process for a state statute of procedure to fail to furnish a person within the limits of the state power to sue a foreign corporation and take judgment for a cause of action arising in another state.
 

 The case of Missouri Pacific Railroad Co. v. Clarendon Boat Oar Co. was decided in 1922, at a time when none of the statutes which prescribed the condition on which a foreign corporation might do business in this state had expressly limited the jurisdiction
 
 *387
 
 of the state courts over such a corporation to eases of liability growing out of or connected with the business done by the corporation in this state. The limitation first appeared in Act No. 184 of 1924, for the purpose, manifestly, of making the statute conform expressly with the interpretation which this court had given to the previous statutes on the subject, and which the Supreme Court of the United States had recognized as a fair and reasonable interpretation.
 

 In Louisville & Nashville Railroad Co. v. Chatters, and Southern Railway Co. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711, the court had occasion for the first time to consider a case coming under the provisions of Act No. 184 of 1924, and dealt with the case as being governed by the decisions of this court construing the previous statutes on the subject, viz. State ex rel. Watkins v. North American Land & Timber Co., 106 La. 621, 31 So. 172, 87 Am. St. Rep. 309; Delatour v. Southern Railway Co., 4 La. App. 658; Buscher v. Southern Railway Co., 4 La. App. 653; Missouri Pacific Railroad Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S. Ct. 210, 66 L. Ed. 354.
 

 Morris & Co. v. Skandinavia Insurance Co., 279 U. S. 405, 49 S. Ct. 360, 73 L. Ed. 762, cited by appellee, was a suit brought in Mississippi, by a corporation domiciled in Louisiana, against a Danish corporation domiciled in Copenhagen, on a policy of insurance issued at Buenos Aires, Argentina, on a shipment of meat then at Montevideo, Uruguay, to be carried to Havana, Cuba. The suit was dismissed for want of jurisdiction on the finding that the defendant was not doing business in the state of Mississippi, and the decision was affirmed on that ground. The decision, therefore, is not at all appropriate to the present case.
 

 As far as the decisions of the Supreme Court of the United States go, the Fourteenth Amendment does not forbid a state to compel a foreign corporation doing business in thfe state to subject itself to the jurisdiction of the state courts in suits founded upon a liability connected with the business done by the corporation in the state — e. g., for the price of property in this state bought by the corporation for use in connection with its business and actually used in connection with the business done in this state — even though the transfer was made in another state.
 

 In Gouner v. Missouri Valley Bridge & Iron Co., 123 La. 964, 49 So. 657, cited by counsel for appellee, the exception to the jurisdiction was sustained because the defendant, a foreign corporation, had quit doing business in the state, had withdrawn its property and equipment from the state, had not appointed an agent to represent it in the state, and the only service of the citation addressed to the company was upon the secretary of state, under the provisions of Act No. 54 of 1904. The decision therefore is not appropriate to this case. .
 

 Delatour and Marmouget v. Southern Railway Co., 4 La. App. 658, in which this court refused to review the judgment of the Court' of Appeal, dismissing the suit for want of jurisdiction, was an action for damages for injuries to race horses, in a railroad accident occurring in South Carolina, the horses having been shipped from Bowie, Md. The suit was filed previous to tyie adoption of Act No, 184 of 1924, and was decided with reference to the provisions of Act No. 194 of 1912, Act No. 243 of 1912, Act No. 267 of 1914 and Act No. 179 of 1918. The reason for the ruling that the courts of this state had not jurisdiction over the case was that the cause of action arose in another state.
 

 
 *389
 
 The decided cases which support our conclusion that the district court in Ouachita parish has jurisdiction over this case are State ex rel. Watkins v. North American Land & Timber Co., 106 La. 621, 31 So. 172, 87 Am. St. Rep. 309; Payne & Joubert v. East Union Lumber Co., 109 La. 706, 33 So.
 
 739;
 
 Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227; and Fullilove v. Central State Bank, 160 La. 831, 107 So. 590.
 

 The judgment appealed from is annulled, the defendant’s exception to the jurisdiction is overruled, and the case is ordered remanded to the district court for further proceedings. The defendant is to pay the costs of the trial of the exception to- the jurisdiction, and the costs of this appeal; all other costs to abide the final judgment to be rendered in the case.
 

 THOMPSON, J., takes no part.