162 So. 756

STALEY–WYNNE OIL CORPORATION v. LORING OIL CO.

No. 33095.

July 1, 1935.

Chandler & Chandler, of Shreveport, for appellant.

Fraser & Carroll, of Many, for appellee.

ODOM, Justice.

Plaintiff is a Texas corporation having its domicile in that state. Defendant is a Delaware corporation having its domicile in that state, but is authorized to transact business in this state and has an agent here on whom service may be made, who resides at Many, in Sabine parish, La., where this suit was brought; it having complied with the provisions of Act No. 184 of 1924.

Plaintiff brought this suit against defendant in the district court of Sabine parish to recover a personal judgment for $5,454.81, on a cause of action which arose in the state of Texas. Service was made on defendant's agent in Sabine parish. An exception to the jurisdiction of the court ratione personæ was filed by defendant, which exception was sustained by the court, and plaintiff appealed.

The question presented is whether the courts of this state have jurisdiction over foreign corporations authorized to transact business in this state, and having resident agents here for service, in cases where the cause of action arises in another state.

The facts appear from the pleadings and the annexed documents. In November, 1932, plaintiff and defendant entered into a contract, which was reduced to writing, under the terms of which plaintiff bound and obligated itself to drill a well for defendant in Cherokee county, Tex., for the production of gas or oil, and defendant obligated itself to pay plaintiff for its work. Plaintiff drilled the well and rendered its bill for $35,904.81, showing credits for amounts paid by defendant totalling $30,450, leaving a balance due of $5,454.81. This suit, which was filed in Sabine parish, this state, is to recover that balance.

Clearly the cause of action arose outside of this state and did not arise out of or have any connection with any business transacted by defendant in this state.

It is not alleged, nor does it otherwise appear, that plaintiff has or ever had any property in this state or that it ever transacted any business here. Suit was brought in this state solely on the ground that defendant had applied for and had been granted the privilege of doing business here and has an agent in the state on whom service may be made.

As a condition precedent to being admitted to this state for the transaction of business, Act No. 184 of 1924 requires every corporation organized under the laws of another state, except those engaged in the business of insurance, to file in the office of the secretary of state a written declaration of its domicile, the place or places in this state where it is doing business, the place of its principal business establishment, and the name of its agent or agents for the service of process.

Section 2 of the act provides that the appointment of the agent or agents upon whom service may be made shall be in the form of a written power of attorney accompanied by a certified copy of the resolution of the board of directors of the corporation consenting that any lawful processes against it served on said agent shall be a valid service on the corporation, and that "the authority shall continue in force and be maintained as long as any liability remains outstanding against said corporation *growing out of or connected with the business done by said corporation in this state."* (Italics ours.)

It is clear, we think, that by the adoption of this act the Legislature did not intend to vest in the courts of this state jurisdiction over foreign corporations admitted to do business here, in causes of action arising outside of the state, and not growing out of or connected with any business done by the corporation in this state.

The act prescribes the conditions under which foreign corporations may come into this state and transact business. It requires such corporations to consent, and by complying with those conditions they do consent, that any lawful process against

them which is served on their agent or agents shall be valid service upon them. They are further required to consent, and by complying with the requisites of the act, they do consent, that the authority which they grant for the making of service upon them through their designated agents shall continue in force and be maintained "as long as any liability remains outstanding against said corporation growing out of or connected with the business done by said corporation in this State."

As a condition precedent to their entering into business in this state, foreign corporations are not required to consent, and by complying with those conditions they do not consent, that the courts of this state shall have jurisdiction over them in all cases, but only in those cases where the cause of action grows out of or is connected with business done by them in this state.

Act No. 184 of 1924, which by express terms repeals Act Nos. 194 of 1912, 243 of 1912, and all other laws or parts of laws in conflict with its provisions, cannot be construed to mean that the Legislature intended to make foreign corporations admitted to this state for the transaction of business amenable to suits here based on causes of action arising elsewhere. The last clause of section 2 of the act, which we have quoted above, shows that its purpose was to make such corporations amenable here to only such actions as arise out of or are connected with business transacted here.

In United Oil & Natural Gas Products Corporation v. United Carbon Co., 171 La. 374, 131 So. 52, 54, we construed the act as limiting the jurisdiction of state courts over such corporations to cases of liability growing out of or connected with the business done by them in this state. In that case both the plaintiff and defendant were foreign corporations and each had complied with Act No. 184 of 1924, prescribing the conditions under which foreign corporations may do business in this state. Because the cause of action under which the suit was filed grew out of a contract which the parties entered into in the state of New York, defendant excepted to the jurisdiction of the courts of this state. We held that the exception was not well founded and overruled it, but the facts of that case were that each of the corporations at the time the contract was entered into in New York owned considerable properties in the parish of Ouachita, this state, where each was engaged in the business of manufacturing carbon black out of natural gas. By the terms of the contract, the plaintiff corporation sold to the defendant thirty acres of land in Ouachita Parish, a number of oil and gas leases on lands in that parish, a carbon black manufacturing plant, warehouses, residences, offices, railroad tracks and sidings and all machinery and equipment on the lands used in the manufacture of carbon black, gasoline, and other products or by-products of oil and gas. Plaintiff reserved the ven-

dor's lien and privilege on the property sold.

As stated, we held that the exception to the jurisdiction filed by the defendant corporation was not well founded, and overruled it, but our holding was based, not on the ground that foreign corporations authorized to transact business in this state may be sued here on causes of action which arise elsewhere, but upon the ground that while the contract out of which the cause of action grew was entered into in the state of New York, it involved the transfer of property located in this state, and that the obligation assumed by the defendant in connection therewith "is a liability connected with the business done by the defendant in this state." We said:

"The term, 'the business done by said corporation in this state' [this clause quoted from the act of 1924] does not mean the single transaction by which the liability was incurred. It means the business done generally by the corporation in this state, and by the doing of which the corporation is deemed to be in the state, under the protection of the laws of the state, and subject to the jurisdiction of the courts of the state. The liability disclosed by the pleadings and the record in this case, if there is any such liability, is for a part of the price or consideration for the transfer by the plaintiff to the defendant of property in this state, both real and personal property, to be used by the defendant corporation, and in fact used by the defendant corporation, in 'the business done by said corporation in this state.' It would be difficult to imagine a liability more closely connected with the business done by the corporation in this state."

After summing up the facts and referring to Act No. 184 of 1924, we said:

"The question, therefore, is whether the liability of the defendant, for the price of the property in Louisiana, bought from the plaintiff in New York, if any such liability remains unpaid, is, in the meaning of the statute (Act No. 184 of 1924, § 2), a liability 'growing out of or connected with the business done by said corporation in this state.'"

Further on in the opinion we referred to the case of Missouri Pac. R. R. Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S. Ct. 210, 211, 66 L. Ed. 354, decided by the Supreme Court of the United States on February 27, 1922, and said: "The case of Missouri Pac. R. R. Co. v. Clarendon Boat Oar Co. was decided in 1922, at a time when none of the statutes which prescribe the condition on which a foreign corporation might do business in this state had expressly limited the jurisdiction of the state courts over such a corporation to cases of liability growing out of or connected with the business done by the corporation in this state. The limitation first appeared in Act No. 184 of 1924, for the purpose, manifestly, of making the statute conform expressly with the interpretation which this court had given to the

previous statutes on the subject, and which the Supreme Court of the United States had recognized as a fair and reasonable interpretation."

It is perfectly clear that if the court had not found that the obligation assumed by the defendant corporation in that case grew out of a contract which imposed a liability connected with business done by the defendant in the state of Louisiana the exception to the jurisdiction would have been sustained.

In the Clarendon Boat Oar Co. Case, supra, the Supreme Court of the United States recognized the rule in Louisiana to be that under the statutes of Louisiana and under its jurisprudence prior to the adoption of Act No. 184 of 1924 foreign corporations could not be sued in Louisiana on transitory actions arising in another state. It said:

"The Court of Appeal in this case held, following what it deemed to be the holding by the Louisiana Supreme Court in the case of State ex rel. Watkins v. North American Land & Timber Co., 106 La. 621, 31 So. 172, 87 Am. St. Rep. 309, that the Louisiana statute was not intended to give the state courts jurisdiction over foreign corporations by service on agents appointed thereunder, in transitory actions arising in another state. The action of the Supreme Court in refusing to entertain an appeal in this cause shows this to be the authoritative construction of the statute by the state courts."

And the court said further:

"Provisions for making foreign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process."

In Louisville & N. R. R. Co. v. Chatters and Southern Ry. Co. et al. v. Chatters, 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711, the Supreme Court held, to quote paragraph 2 of the syllabus:

"Foreign corporation, even when present within jurisdiction and amenable to suit, may not, unless it has consented, be sued on causes of action arising elsewhere, which are unconnected with any corporate action by it within jurisdiction."

In that case Chatters purchased a through coupon ticket in New Orleans for a journey to Washington, D. C. He took passage in New Orleans, and while traveling through Virginia was injured by glass from a broken car window. He brought suit for damages in the federal court at New Orleans. The case reached the Supreme Court and was decided in 1929, five years after the adoption of Act No. 184 of 1924. The opinion recites that the process was served on defendants through their designated agents in Louisiana, "as required by a state law exacting formal consent by the corporation that any 'lawful process' served on the designated agent should be 'valid service' upon the corporation. Act No. 184 of 1924."

The court held that although plaintiff's injury out of which his cause of action arose was sustained in the state of Virginia, yet, inasmuch as the railroad company had sold the through ticket in New Orleans, where it was authorized to do business, the cause of action grew out of or was connected with business transacted by the railroad company in this state, and for that reason the Louisiana courts had jurisdiction.

In the course of its opinion the court said:

"A foreign corporation is amenable to suit to enforce a personal liability if it is doing business within the jurisdiction in' such manner and to such extent as to warrant the inference that it is present there. Lafayette Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451; Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. Ed. 569; St. Louis Southwestern Ry. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486 [Ann. Cas. 1915B, 77]. Even when present and amenable to suit it may not, unless it has consented (Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U. S. 93, 37 S. Ct. 344, 61 L. Ed. 610; Smolik v. Philadelphia & Reading Coal & Iron Co. [D. C.] 222 F. 148), be sued on transitory causes of action arising elsewhere which are unconnected with any corporate action by it within the jurisdiction (Old Wayne Mut. Life Ass'n v. McDonough, 204 U. S. 8, 27 S. Ct.

236, 51 L. Ed. 345; Simon v. Southern Ry. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492)."

In the recent case of Harnischfeger Sale Corporation v. Sternberg Co., Inc., 179 La. 317, 154 So. 10, 12, we said:

"The cause of action unquestionably arose outside of the state, and not with reference to business done therein. As to a cause of action so arising against a foreign corporation, whether it arises ex contractu or ex delicto, whether the foreign corporation has qualified to do business in this state or not, the general rule is that, as the cause of action arose out of the state, the courts of the state are without jurisdiction of it ratione materiæ."

In that case we sustained the exception to the jurisdiction in so far as the plaintiff's suit was for personal judgment against the defendant, although the defendant had transacted some business in the state of Louisiana. We held, however, that in so far as plaintiff had asked for judgment in rem against the property on which it had a lien and privilege, the courts of this state had jurisdiction.

In support of the general rule announced in the Harnischfeger Sale Corporation Case we cited the cases of Hodges & Co. v. Pennsylvania R. R. Co., 171 La. 699, 704, 132 So. 115, and French v. Artistic Furniture Co., 173 La. 982, 139 So. 307.

Counsel for appellant state in their brief that the general rule announced is not supported by the cases cited, inasmuch as

the defendants in the Hodges & Co. and French Cases were not authorized to transact business in this state. A reading of those cases, however, and of the decisions cited therein, will disclose that they do support the general rule announced in the Harnischfeger Sale Corporation Case.

For the reasons assigned, the judgment appealed from is affirmed.