FOURNET, Justice.
 

 Respondent, Frank Earl Eastman, a resident of Caddo parish, La., individually and in behalf of his minor daughter, Esther Eastman, brought suit in the First judicial district court of Louisiana, for the parish of Caddo, against Cecil Benton, a resident of Sulphur Springs, Tex., and the Traders & General Insurance Company, alleged to be “a foreign corporation, authorized to do and doing business in the States of Louisiana and Texas for more than ten years,” in solido, for the sum of $25,000 for damages for personal injuries suffered by his minor daughter, and in his own behalf for the sum of $245.95. The injuries are alleged to have been suffered by plaintiff’s minor daughter as the result of relator’s (Cecil Benton) negligent operation of his truck on the streets of Shreveport, Caddo parish, La. Respondent alleged further that Cecil Benton, who was doing business in the name of Benton Motor Lines, held a liability policy issued by the Traders & General Insurance Company.
 

 The relators, Cecil Benton and Traders & General Insurance Company, each filed an exception to the citation. The insurance company, by supplementing its first exception, excepted to the jurisdiction of the court ratione materise and ratione personae, which were overruled by the district
 
 *623
 
 judge. This matter is now before us for review on writs granted by this court.
 

 Cecil Benton was cited under the provisions of Act No. 86 of 1928, as amended by Act No. 184 of 1932 (amending section 1). Section 2 of the act reads as follows:
 

 “The service of such process shall be made by serving a copy of the petition and citation on the Secretary of State, or his successor in office, and
 
 such. service shall be sufficient service upon said non-resident; provided that notice of such service,
 
 together with a copy of the-petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the said defendant, and defendant’s return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery,
 
 is filed in the proceedings before judgment can be entered against said non-resident.”
 
 (Italics ours. )
 

 It is the contention of relators that the clause requiring that “notice of the service,” etc., is a material part of the citation and the nonresident defendant is entitled to have that portion of the requirements of the act not only substantially complied with, but may compel the plaintiff, by way of exception to produce the proof thereof in limine.
 

 An analysis of section 2 clearly shows that the first clause provides for the service on the defendant in the manner therein prescribed, and states that “such service shall be sufficient service upon .said non-resident.” The clause fallowing thereafter provides for “notice of such service” on the defendant and the manner of serving said notice, as well as the actual filing, in the proceedings, of the proof of compliance with the act
 
 before judgment can be rendered against the nonresident.
 

 Counsel for respondent (plaintiff) testified under cross-examination that he had complied with the requirements of the act to give the defendant nonresident notice of service of process, but did not choose to disclose the return receipt card and copy of the registered letter at that stage of the proceedings.
 

 We think that the reason for the provision in the act that the nonresident be actually notified in the manner therein provided and proof thereof be made, is to prevent judgments being rendered against nonresidents without being actually apprised of the action and given a reasonable opportunity to defend such actions. The fact that he was and did receive the notice as testified to by counsel is substantiated by his presence in court, and we see no good reason to force the plaintiff to make this disclosure at this time when the act does not require such. We think the ruling of the lower court was correct.
 

 This brings us to the issues raised on behalf of the Traders & General Insurance Company: (1) That it could not be legally served with process in the instant case because at the time that the alleged cause of action arose, it was not authorized to nor doing business in the state of Louisiana, though it subsequently made ap
 
 *625
 
 plication to do business in the state and complied with its laws relative to service of process, and it is still doing business in Louisiana; (2) that the district court is without jurisdiction ratione persona; and ratione materise because the insurance policy was issued by a Texas corporation to a Texas citizen, entered into in the state of Texas, in conformity with the laws of Texas and to cover certain and specific liability over a designated route within the state of Texas and never intended to cover any liability within the state of Louisiana.
 

 Upon the trial of the exception to the citation and to the jurisdiction, defendant sought to introduce photostat copies of the policy contract and a certificate of the secretary of the railroad commission of Texas, to which counsel for plaintiff objected for the reasons that the introduction of such evidence was an attempt to try the merits in limine on exceptions to the citation and was, therefore, inadmissible; and, moreover, that the photostat copy of the policy of the insurance company was not the best evidence.
 

 In the instant case it is alleged in plaintiff’s petition that the Traders & General Insurance Company “is a foreign corporation, authorized to do and doing business in the states of Louisiana and Texas for more than ten years,” and was served with process through the secretary of state under and in accordance with the provisions of Act No. 105 of 1898.
 

 The law of Louisiana controlling the right of a foreign insurance corporation to do business in this state, is contained in Act No. 105 of 1898. A foreign insurance company upon entering this state to -do business grants the power- of agency prescribed by the act. It appoints “the Secretary of State of this State to be the true and lawful attorney of such company, * * * in and for this State
 
 upon whom, all lawful process in any action or proceeding against the company *
 
 * *
 
 may be served with the same effect as if the company
 
 * * *
 
 existed in this State.”
 
 (Italics ours.) Article 2, § 1.
 

 Relators cited the case of Staley-Wynne Oil Corporation v. Loring Oil Co., 182 La.
 
 1007,
 
 162 So. 756, in support of its plea, which it claims, in effect, destroys the force of our decision in the case of Stephenson v. List Laundry & Dry Cleaners, Inc., 182 La. 383, 162 So. 19, 21, and on page 14 of their brief state that: “It may be urged that the Stephenson case stands alone in our jurisprudence, while the rule announced in the Staley-Wynne Case is of long standing in this Court. The United States Supreme Court recognized the rule of our courts in Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711. The rule was found to be exemplified by the case of State ex rel. Watkins v. North American Timber Co., 106 La. 621, 31 So. 172, 87 Am.St.Rep. 309. The Watkins Case, supra, has further been recognized by the United States Supreme Court in Missouri Pacific R. Co. v. Clarendon Boat Oar Co., 257 U. S. 533, 42 S.Ct. 210, 66 L.Ed. 354.”
 

 In the Staley-Wynne Oil Case, supra, suit was instituted in Louisiana to recover
 
 *627
 
 •the balance due for drilling a well in Texas ■under a written contract entered into in Texas between two foreign corporations. The latter, however, had an agent in Louisiana for the purpose of process, in accordance with Act No. 184 of 1924 at the time the suit was filed, and in that case we said (182 La. 1007, at page 1009, 162 So. 756):
 

 “Clearly the cause of action arose outside of this state and did not arise out of or have any connection with any business transacted by defendant in this state.
 

 “It is not alleged, nor does it otherwise .appear, that plaintiff has or ever had any property in this state or that it ever transacted any business here. Suit was brought in this state solely on the ground that defendant had applied for and had been .granted the privilege of doing business here and has an agent in the state on whom service may be made.”
 

 While in the case of Stephenson v. List Laundry & Dry Cleaners, Inc., supra, plaintiff sued for damages sustained in 'Louisiana against a Louisiana corporation ■and its insurer, a foreign corporation, under Act No. 55 of 1930, and we said: authorized to do and doing business in the State of Louisiana, and having for its authorized agent for service of legal process the Secretary of State of Louisiana.’ * * * This necessarily brings the defendant insurance company into court upon proper and legal service of process. Act No. 105 of 1898, art. 2, § 1; Lusk v. Pacific Mutual Life Ins. Co. (D.C.) 46 F.(2d) 502.
 

 “The court said: ‘The facts recited in the exception are admitted,’ and stated further that ‘the insurance company is a foreign corporation, doing business in Texas .and Louisiana,’ which substantiates the allegations of paragraph 3 of plaintiff’s petition, viz., ‘The Central Surety and Insurance Corporation, of Kansas City, Mis..souri, is a foreign insurance corporation
 

 “We are of the opinion that the exception to the jurisdiction is not well founded.”
 

 Thus it may be seen that there is no conflict between the two cases, either on facts or law.
 

 In the case of Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 332, 73 L.Ed. 711, the facts were that Chatters ■purchased a through coupon ticket at the office of the Louisville & Nashville Railroad, a Kentucky corporation, in New Orleans, which entitled him to passage over the line of the Louisville & Nashville from New Orleans to Montgomery, Ala., over the Atlanta & West Point Railroad from Montgomery to Atlanta, Ga., and thence to Washington over the line of the Southern Railway Company, a Virginia corporation. He took passage in New Orleans on a car of the Southern and proceeded in it on his journey until, while in Virginia, a window screen, attached to the outside of the car, became loosened and swung backward on its hinges so as to strike and break the car ‘ window behind it and injure respondent with pieces of flying glass. Chatters filed suit against the Louisville &
 
 *629
 
 Nashville Railroad Company and the Southern Railway Company in the District Court for the Eastern District of Louisiana (17 F.(2d) ‘305) to recover for personal injuries, to which an exception to the jurisdiction was filed by the defendants, and the Supreme Court of the United States held that:
 

 “We decide only that, in the absence of an authoritative state decision giving a narrower scope to the power of attorney filed under the state statute, it operates as a consent to suit upon a cause of action like the present arising out of an obligation incurred within the state although the breach occurred without.”
 

 In the case of Missouri Pacific R. Co. v. Clarendon Boat Oar Co., 257 U.S. 533, 42 S.Ct. 210, 211, 66 L.Ed. 354, 355, the Supreme Court of the United States held that 'under the authority of “the case of Watkins v. North American Land & Timber Co., 106 La. 621, 31 So. 172, 87 Am. St.Rep. 309, that the Louisiana statute was not intended to give the state courts jurisdiction over foreign corporations by service on agents appointed thereunder, in transitory actions arising in another state.”
 

 In the Watkins Case, plaintiff, a resident of fhe state of Kansas, sought to enforce by mandamus the right to inspect the books • of the North American Land & Timber Company, Ltd., an English corporation, represented by Austin V. Eastman, who had been designated according to the laws of Louisiana as the person upon whom process might be served, and who had established at Lake Charles, in the parish of Calcasieu, an office in which he kept all the books of the company with reference to the conduct and management of its business in the state of Louisiana. To the petition and order to show cause, the defendant excepted to the jurisdiction of the court ratione materise, and we held, as is well expressed in the syllabi by the court:
 

 “1. A foreign corporation, not engaged in commerce or in the service of the United States, can lawfully do business in Louisiana only upon the conditions imposed by the law of the state.
 

 “2. Where such corporation has so far complied with the law as to establish an office in this state and designate an agent upon whom process may be served,
 
 service upon such agent vests the court iss^ling the same with jurisdiction to hear and determine the cause, irrespective of the citizenship of the plaintiff, or the subject-matter of the controversy.
 
 [Italics ours.] * * *
 

 “6. Nor will such relief be denied because of a provision in the charter or bylaws of the corporation to the effect that differences thereafter arising between the corporation and its members shall be submitted to arbitration; such stipulations, whereby persons undertake to shut the doors of the courts with' regard to matters to arise in the future, not being enforceable.”
 

 A careful review of the decisions cited by counsel convinces us that they are not apposite to our holding in the Stephenson
 
 *631
 
 Case. What we held in that case was' that the courts of Louisiana had jurisdiction to determine whether or not a cause of action lies against a nonresident insurance corporation, alleged to be doing business in the state of Louisiana, which corporation had issued a contract of insurance against liability in another state but the injury complained of, and for which suit was instituted, occurred in the state of Louisiana, provided proper service was made on the defendant company as required by the statute.
 

 In the instant case, the alleged injury was sustained within the territorial jurisdiction of the lower court, and it is alleged in plaintiff’s petition that the defendant insurance company was “authorized to do and doing business in the states of Louisiana and Texas for more than ten years,” and was properly served with process in accordance with the provisions of Act No. 105 of 1898. We, therefore, think that the lower court had jurisdiction to determine .whether a cause of action lies against the defendant company. Whether or not the policy contract of insurance was intended to cover liability as alleged in plaintiff’s petition is a matter to be determined on the merits.
 

 For the reasons assigned, the writs issued herein are recalled, the exceptions overruled, the judgment of the lower court affirmed, and the application of Cecil Benton and the Traders & General Insurance Company is denied, at their cost.