### E. Ross BUCKLEY

v.

### The NEW YORK TIMES COMPANY.
### Civ. A. No. 12892, Division B.

United States District Court
E. D. Louisiana.

March 29, 1963.

Russel J. Schonekas, Gibson Tucker, Jr., New Orleans, La., for plaintiff.

R. Emmett Kerrigan, New Orleans, La., for defendant.

ELLIS, District Judge.

Defendant, New York Times Company, moves to dismiss the libel suit filed by E. Ross Buckley for the reason that it is not amenable to service in Louisiana since it is not licensed to do business in Louisiana nor does it do any business in Louisiana. Defendant also asserts that the cause of action did not arise out of any business activity in which it engaged in Louisiana.[1] An affi-

1. Under Louisiana law, a foreign corporation is amenable to the process of the courts of Louisiana only if it is qualified to do business in Louisiana, or is required to qualify but has not done so, LSA–C.C.P. Art. 1261, or if although not required to qualify, it has engaged in a business activity in Louisiana, LSA–R.S. 13:3471. Moreover, a corporation, whether it has or has not qualified to do business, and whether it has or has not done any business, or engaged in any business activity in Louisiana, is amenable to Louisiana process only in an action resulting

davit and requests for admissions filed by plaintiff disclose that the New York Times is not licensed to do business in Louisiana and has no office, place of business, officers, agents or employees in the State. There are no soliciting agents in Louisiana. All subscriptions are acquired by application sent to and accepted by defendant in New York. The Times is not sold on newsstands in Louisiana, although copies are sold to independent distributors in Louisiana who are neither employees nor agents of the Times, but merely purchase the papers for resale. Less than one-thousandth of one per cent of the Times total circulation is in Louisiana. There are no regular Times reporters in Louisiana although on occasion special reporters are sent to cover stories in Louisiana. Several persons not employed by the Times are paid on a linage basis for stories to submit to the Times. The total yearly remuneration of these persons for the past three years has not exceeded $375.00. No regular advertising agents are retained in Louisiana although on occasion special advertising agents make trips into Louisiana. All advertising originating in Louisiana is accepted in New York and less than one-thousandth of one per cent of The Times advertising linage originates from Louisiana. The article in question did not originate from a Times correspondent in Louisiana but came from an Associated Press dispatch received by The Times in New York.

▪ The mere circulation of a periodical through the mails to subscribers and independent distributors constitutes neither doing business nor engaging in a business activity.[2] Sporadic news gathering by reporters on special assignment, and solicitation of a small amount of advertising linage by traveling solicitors, constitute neither doing business nor engaging in business activity.[3] Even the broadest view of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, does not give a state jurisdiction over a corporation with the minimal incidents of activity in the State evident in this case. It is therefore the conclusion of this court that personal service may not be made on the New York Times in Louisiana.

Defendant also makes the point that Louisiana adopts the "single publication" rule as to libel and that therefore the cause of action did not arise out of any activity of The Times in Louisiana but rather occurred solely in New York. For this defendant relies on State v. Moore, 140 La. 281, 72 So. 965, and State v. Briwa, 198 La. 970, 5 So.2d 304. Clearly both these cases involve the Louisiana constitutional venue requirement for trial of a crime in the place of its occurrence and the constitutional necessity that a defendant have to respond in only one Parish to the charge. This being the case, it is by no means certain that a rule growing out of a constitutional venue requirement of trial at the place of the crime is necessarily the Louisiana rule controlling the place of the libel with regard to substituted service on a foreign corporation. The recent experience of the Fifth Circuit Court of Appeals in a similar problem in Alabama, see Conner v. New York Times, 5 Cir., 310 F.2d 133; New York Times Company v. Sullivan, 273 Ala. 656, 144 So.2d 25, cert. granted, 371 U.S. 946, 83 S.Ct. 510, 9 L.Ed.2d 496; Connor v. New York Times, 5 Cir., 291 F.2d 492, cautions against going further than necessary to decide the limited issue of jurisdiction. Hence this

---

from a business activity in Louisiana. LSA–R.S. 13:3471; Staley-Wynne Oil Corp. v. Loring Oil Co., 182 La. 1007, 162 So. 756; Harnischfeger Sale Corp. v. Sternberg Co., 179 La. 317, 154 So. 10.

2. Street & Smith Publications v. Spikes, 120 F.2d 895, 5 Cir., cert. den. 314 U.S. 653, 62 S.Ct. 102, 86 L.Ed. 524; Insull

v. New York World-Telegram Corp., 7 Cir., 273 F.2d 166.

3. Whitaker v. McFadden Publications, 70 App.D.C. 165, 105 F.2d 44; Brewster v. Boston Herald Traveler Corp., D.C. Me., 141 F.Supp. 760.

court rests its decision on the failure of the facts to indicate that the New York Times is engaged in business activity in Louisiana sufficient to subject itself to personal jurisdiction of this court.

