**John M. NIGRO**

v.

**EAGLE STAR INSURANCE CO.**

**Civ. A. No. 12514.**

United States District Court
E. D. Louisiana.
April 8, 1963.

John H. Turry, Robert B. Acomb, Jr., New Orleans, La., for plaintiff.

A. R. Christovich, Jr., New Orleans, La., for Cessna Aircraft Co.

ELLIS, District Judge.

In a diversity suit, the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requires that this court follow state procedural rules where they are outcome determinative, and especially those which limit the jurisdiction of the State Courts. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Woods v. Interstate Realty Co., 337 U.S. 535, 537, 69 S.Ct. 1235, 93 L.Ed. 1524. Despite official comments to the effect that recent amendments to Louisiana service and jurisdictional statutes have extended Louisiana personal jurisdiction over foreign corporations with "minimum contacts" with Louisiana to the fullest constitutional limits of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. See Explanatory Note, LSA—R.S. 13:3471, and Comments, subsection g, LSA–C.C.P., Art. 6, the Louisiana law at present, LSA–R.S. 13.3471(1), and in the past, Staley-Wynne Oil Corporation v. Loring Oil Co., 182 La. 1007, 162 So. 756; Harnischfeger Sale Corporation v. Sternberg Co., 179 La. 317, 154 So. 10; Sonnier v. Time, Inc., W.D.La., 172 F.Supp. 576, requires that the cause of action arise out of the particular business activity in Louisiana which gives the Court personal jurisdiction and permits substituted service on the Secretary of State. Plaintiff must affirmatively allege and prove facts which give this court jurisdiction. Jordan v. Marks, 5 Cir., 147 F.2d 800; LeMieux Bros. v. Tremont Lumber Co., 5 Cir., 140 F.2d 387. Neither the affidavit nor the answers to interrogatories give the slightest indication that the sparse contacts which Cessna Aircraft has with Louisiana give rise to this cause of action. See Sonnier v. Time, Inc., supra. This disposition eliminates the necessity of reaching the constitutional question.

It is ordered, adjudged and decreed that there being no just cause for delay, judgment be entered in favor of Cessna Aircraft Co. and against John M. Nigro dismissing this action as between those two parties.