SAVOY, Judge.
Plaintiff filed this action in tort because of personal injuries which he received while riding in a 1957 Ford Ranchero pick-up truck owned by him and being driven by his nephew, Daniel M. Taylor. Plaintiff also seeks to recover for damages to said pick-up truck resulting from the same accident in which plaintiff suffered the alleged personal injuries. Made defendants in the suit were the insurer of plaintiff, Hartford Accident and Indemnity Company, and State Farm Mutual Automobile Insurance Company, the insurer of a vehicle owned by Garnie Taylor, a resident of Arkansas and the father of the minor, Daniel M. Taylor.
On behalf of State Farm Mutual Automobile Insurance Company, counsel filed an exception of lack of jurisdiction over the person by the Twelfth Judicial District Court of Avoyelles, Louisiana, alleging that the policy issued by it to Garnie Taylor was issued in Arkansas to Garnie Taylor, an Arkansas resident; and that the action instituted by plaintiff does not involve any person insured under its policy.
After a hearing was had on the exception to the jurisdiction personae, the district judge maintained said exception. Plaintiff has appealed to this Court- from said adverse ruling.
The facts in the instant case are not in dispute. During the morning of September 13, 1962, Daniel M. Taylor was driving a 1957 Ranchero pick-up truck with plaintiff as the other occupant of said vehicle. Daniel and plaintiff were driving to work near New Roads, Louisiana, from the residence of plaintiff in Rapides Parish, Louisiana. The Ranchero being driven by Daniel M. Taylor, an unemancipated minor, overturned near Marksville, Avoyelles Parish, Louisiana, and plaintiff suffered personal injuries and property damage to the pick-up truck. The record also reveals that Daniel M. Taylor had graduated from high school in Camden, Arkansas, and was working with and living with plaintiff at the time of the occurrence of the said accident.
*415 The questions to be determined by the Court are (1) whether the Twelfth Judicial District Court for the Parish of Avoyelles, Louisiana, has jurisdiction over the person of defendant, State Farm Mutual Automobile Insurance Company; and (2) whether the recalling by the district judge of his order dated April 23, 1962, ordering a subpoena duces tecum, is correct.
This Court is of the opinion that the exception to the jurisdiction ratione personae filed by defendant, State Farm Mutual Automobile Insurance Company, should be overruled.
LSA-C.C.P. Article 6 defines jurisdiction over the person as “ * * * the legal power and authority of a court to render a personal judgment against a party to an action * * This jurisdiction must be based on service of process on the defendant or “ * * * on his agent for the service of process; * * *.” Under the provisions of LSA-R.S. 22:985, every foreign insurance company which is authorized to do business in Louisiana appoints the Secretary of State as its agent for the service of process. These statutory provisions give the Louisiana court power to render personal judgment against State Farm Mutual Automobile Insurance Company, which is authorized to do business in Louisiana and on whom service of process was obtained through service on the Secretary of State. Incidentally, the Louisiana court clearly has jurisdiction ratione materia over this loss which occurred in Louisiana. Furthermore, the venue of the action is in Avoyelles Parish where the accident occurred under the provisions of LSA-C.C.P. Article 74.
In the case of Eastman v. Benton, 184 La. 620, 167 So. 169, the defendant insurer filed an exception to the jurisdiction ratione personae on the grounds that it was not authorized to do or doing business in Louisiana at the time the accident occurred. In disposing of the exception to the jurisdiction, the Supreme Court held squarely that where a foreign insurer is authorized to do business in Louisiana, it can be served through the Secretary of State and the Louisiana court will thereby have jurisdiction ratione personae in a suit involving an accident occurring in Louisiana. The court also made this statement:
“Whether or not the policy contract of insurance was intended to cover liability as alleged in plaintiff’s petition is a matter to be determined on the merits.”
Thus, in the present case the issue of coverage is a matter to be determined on the merits. It is not an issue which can be raised under an exception to the jurisdiction ratione materiae.
We next address ourselves to the action of the trial judge in recalling the subpoena duces tecum which he ordered issued by order dated April 23, 1962. In reviewing the petition of plaintiff, it is noted he requested the policy of insurance issued to Garnie Taylor be introduced in evidence. According to the record in the instant case, the policy issued by State Farm Mutual Automobile Insurance Company to Garnie Taylor is in evidence and is marked “P-1” for identification. Accordingly, this Court is of the opinion that the issue as to whether the order recalling the subpoena duces tecum was proper is-moot.
For the reasons assigned, the judgment of the district court maintaining the exception to the jurisdiction ratione personae is overruled, and the case is remanded to the district court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against defendant, State Farm Mutual Automobile Insurance Company.
Affirmed in part, reversed in part and remanded.